CONTINENTAL OIL COMPANY, a corporation, et al., Appellants,

v.

UNITED STATES of America, Appellee.

No. 19044.

United States Court of Appeals
Ninth Circuit.

March 27, 1964.

A. T. Biggers, Houston, Tex., Shimmel, Hill, Kleindienst & Bishop, and Donald D. Meyers, Phoenix, Ariz., Pillsbury, Madison & Sutro, Wallace L. Kaapcke, Thomas E. Haven, and James O'M. Tingle, San Francisco, Cal., and Ryley, Carlock & Ralston, Phoenix, Ariz., for appellants.

William H. Orrick, Jr., Asst. Atty. Gen., Lionel Kestenbaum, Gerald Kadish, and Arthur J. Murphy, Jr., Dept. of Justice, Washington, D. C., for appellee.

Before ORR, POPE and KOELSCH, Circuit Judges.

POPE, Circuit Judge.

After this matter had been submitted, the court was of the view that the circumstances here were such as to require an immediate ruling. Accordingly this court stated the facts in the matter and announced its decision in a preliminary order reading as follows:

"In this matter the court has been advised that a prompt decision is important. As noted shortly, the facts rose out of subpoenas issued in aid of a Federal Grand Jury proceeding in Phoenix, Arizona. It is the information of the court that the life of the Grand Jury will terminate shortly and we therefore consider that justice demands that this case be decided before that time arrives. Accordingly we are here announcing our decision in the case by way of conclusions, without further delay. Our opinion stating the reasons for our conclusions will be filed hereafter.

"During the proceedings of the Grand Jury certain employees and executives of the appellants Standard Oil Company of California, and Continental Oil Company, were summoned to testify before it. Before and after their appearance before the Grand Jury these witnesses were interviewed by their respective counsel. The record shows that counsel who carried on the interview were attorneys not only for the corporations but for the witnesses themselves. Counsel who conducted these interviews prepared memoranda concerning the information received from such witnesses and relating to the clients' appearance before the Grand Jury. After these memoranda had been received, counsel representing Standard Oil Company, and its employees who had testified, and counsel representing Continental Oil Company, and its employees who had testified, exchanged such memoranda in confidence in order to apprise each other as to the nature and scope of the inquiry proceeding before the Grand Jury. The appellants here assert that this was done in order to make their representation of their clients in connection with the Grand Jury investigation

and any resulting litigation, more effective.

"Thereafter subpoenas duces· tecum were served upon Standard Oil Company of California, its vice-president, and on attorneys for Standard Oil Company of California. In like manner subpoenas were issued in aid of the Grand Jury in Phoenix directed to and served on Continental Oil Company, its executives, and their attorneys. The subpoenas called for the production before the Grand Jury of the aforesaid memoranda prepared by the lawyers and remaining in their possession.

"All the persons subpoenaed moved to quash all of such subpoenas asserting 1, that these memoranda were confidential and within the attorney-client privilege; and 2, that they were not required to be produced because they represented counsel's work product within the meaning of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. The motions to quash were denied by the district court. Appellants have appealed from that order and upon being met with an assertion by the United States that the order is not final or appealable, have asked that if this court should find the order not appealable, we should treat the petition as one for mandamus or prohibition and grant relief under such a writ.

"It is asserted by the United States that the attorney-client privilege, if such originally existed in respect to these memoranda, was waived when counsel for the two groups of appellants exchanged memoranda; and that since the documents sought related to a Grand Jury proceeding, the work product rule has no application here. These are matters for decision by the court. ■ "We have concluded that the appellants-petitioners are entitled to relief either by way of appeal, see Perlman v. United States, 247 U.S.

7, 38 S.Ct. 417, 62 L.Ed. 950, Schwimmer v. United States, 8 cir., 232 F.2d 855, or by way of mandamus or prohibition, see La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290, Atlass v. Miner, 7 Cir., 265 F.2d 312, United States v. Cobb, 9 cir., 328 F.2d 115. Accordingly, the order of the United States District Court for the District of Arizona, entered the 7th day of November, 1963, denying appellants' motions to quash subpoenas duces tecum, is ordered set aside and vacated and the said court is directed and ordered to quash said subpoenas."

We now proceed to state the considerations which have led us to the conclusions above indicated.

Government counsel contend that the attorney-client privilege is not applicable here first, because the attorneys did not represent the witnesses from whom the statements mentioned were procured, and second, because if the communications were initially privileged, the privilege was waived when the statements received from the witnesses were exchanged by counsel representing the corporate clients.

■■ We are of the opinion that the record here compels a finding and a determination that the attorneys who took the statements not only represented the corporations referred to but represented the witnesses, and that they were called upon to advise and represent the persons from whom such statements were taken. As for the claim of waiver, the appellants called our attention to the cases of Chahoon v. The Commonwealth, 62 Va. (21 Gratt.) 822, and Schmitt v. Emery, 211 Minn. 547, 2 N.W.2d 413, 139 A.L.R. 1242. In the first of those cases several defendants were under joint indictment for conspiracy to defraud an estate and under separate indictments for forgery. The defendants and their lawyers met in conference with all parties present, and their discussion included plans for defense. It was held that when one of these lawyers refused to testify at Chahoon's

trial concerning discussions at the conference, his refusal was proper because the communication which took place at that conference was privileged within the meaning of the attorney-client rule. In the Schmitt case, which was a civil action, where several codefendants were represented by several counsel, a privileged document was exchanged between counsel to facilitate preparing objections to its admission in evidence. The court said: "Where an attorney furnishes a copy of a document entrusted to him by his client to an attorney who is engaged in maintaining substantially the same cause on behalf of other parties in the same litigation, without an express understanding that the recipient shall not communicate the contents thereof to others, the communication is made not for the purpose of allowing unlimited publication and use, but in confidence, for the limited and restricted purpose to assist in asserting their common claims. The copy is given and accepted under the privilege between the attorney furnishing it and his client. For the occasion, the recipient of the copy stands under the same restraints arising from the privileged character of the document as the counsel who furnished it, and consequently he has no right, and cannot be compelled, to produce or disclose its contents." (2 N.W.2d at 417.)[1]

Government counsel do not question the correctness of those decisions contending that the joint-defendant exception upheld in those cases would be inapplicable before an indictment is returned in the present matter and before these parties are actual joint defendants.

We think that this attempt to distinguish those cases is not valid here. All of the reasons for the creation of the attorney-client privilege are as operative here as if the privilege had been claimed after an indictment had been returned. "The grand jury is an arm of the court and its *in camera* proceedings constitute 'a judicial inquiry.'" Levine v. United States, 362 U.S. 610, 617, 80 S.Ct. 1038, 1043, 4 L.Ed.2d 989.

The privilege asserted here is a valuable and an important right for the protection of any client at any stage of his dealings with counsel. It is a vital and important part of the client's right to representation by counsel. We think that to make the limitations on this right sought to be urged by the United States would tend in substantial measure to destroy the privilege.

The situation here is analogous to that discussed in Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118, where the Court refused to recognize limitations upon the privilege against self-incrimination which would operate practically to result in possibly injurious disclosures.

Further concerning the argument that the cases cited are distinguishable because the communications here were made prior to any indictments, it should be noted that the privilege here involved "is irrespective of litigation begun or contemplated". 8 Wigmore on Evidence, (McNaughton Revision) § 2294. Alexander v. United States, 138 U.S. 353, 358, 11 S.Ct. 350, 352, 34 L.Ed. 954.[2]

Since we hold that the attorney-client privilege existed here so as to require a quashing of the subpoenas duces tecum we find it unnecessary to discuss the further contention that the matters sought to be procured are not available to the United States because they represent counsel's work product within the meaning of the Hickman v. Taylor case, supra.

---

1. See Note, "Waiver of Attorney-Client Privilege on Inter-Attorney Exchange of Information", 63 Yale L.J. 1030.

2. "If he consulted him in the capacity of an attorney, and the communication was in the course of his employment, and may be supposed to have been drawn out in consequence of the relations of the parties to each other, neither the payment of a fee nor the pendency of litigation was necessary to entitle him to the privilege."