**In the Matter of the Testimony of Warren E. BUCKEY before the Grand Jury.**

**Donovan Wire & Iron Company and Irwin Fruchtman, Appellants.**

**No. 18599.**

United States Court of Appeals
Sixth Circuit.
May 17, 1968.

Robert L. Weinberg, Washington, D. C., for appellants; Vincent J. Fuller, Washington, D. C., on brief.

Edward T. Joyce, and Gerald E. McDowell, Attys., Dept. of Justice, Washington, D. C., for appellee; John Mattimoe, Asst. U. S. Atty., Toledo, Ohio, of counsel.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and CECIL, Senior Circuit Judge.

PHILLIPS, Circuit Judge.

Warren E. Buckey, an attorney, refused to answer three questions propounded to him before a grand jury on the ground that to do so would require the disclosure of privileged communications between attorney and client. At the conclusion of a hearing the United States District Judge ruled that the questions propounded to Buckey are not entitled to be protected by the attorney-client privilege. The District Court instructed the attorney to return before the grand jury and to answer the three questions.

Donovan Wire and Iron Company, a corporation (Donovan), and Irwin Fruchtman filed an appeal from the ruling of the District Court, together with an "emergency motion for stay pending appeal." On April 3, 1968, this Court granted a temporary stay. Oral arguments were heard on April 11, 1968, and the case was taken under advisement.

The present grand jury proceedings grew out of a federal tax investigation into the affairs of Donovan and certain of its officers. Among other things the grand jury is investigating the destruction of financial records of the corporation. Buckey is a member of the bar of the State of Ohio and is employed by Donovan as house counsel and vice president of finance and administration.

The motion states that appellant Fruchtman, an officer of Donovan, is named in a pending indictment charging conspiracy to defraud the United States by destroying the corporate financial records in question. It is stated that Washington counsel for Donovan also was present at the time of the communications in question.

A threshold question is whether the instructions of the District Court directing the attorney to answer the questions is an appealable order. We hold that the Government is correct in its contention that the directions contained in the memorandum opinion of the District Judge are nothing more than an interlocutory order in a criminal proceeding and that the order is not appealable. 28 U.S.C. § 1291; Di Bella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L. Ed.2d 614; Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783; Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686; In re Grand Jury Investigation of Violations, 318 F.2d 533 (2d Cir.), appeal dismissed, 375 U.S. 802, 84 S.Ct. 25, 11 L. Ed.2d 37.

In *Cobbledick* the Supreme Court held that an order denying a motion of witnesses before a grand jury to quash a subpoena duces tecum is not an appealable order. The Court emphasized the strong federal policy that criminal cases are not subject to "piecemeal disposition on appeal." 309 U.S. at 325, 60 S.Ct. 540. The Court made it clear that it considers a criminal case to include proceedings both before and after indictment, saying:

"The Constitution itself makes the grand jury a part of the judicial process. It must initiate prosecution for the most important federal crimes. It does so under general instructions from the court to which it is attached and to which, from time to time, it reports its findings. The proceeding before a grand jury constitutes 'a judicial inquiry,' Hale v. Henkel, 201 U. S. 43, 66, 26 S.Ct. 370, 375, 50 L.Ed.

652, of the most ancient lineage. See Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771. The duration of its life, frequently short, is limited by statute. It is no less important to safeguard against undue interruption the inquiry instituted by a grand jury than to protect from delay the progress of the trial after an indictment has been found. Opportunity for obstructing the 'orderly progress' of investigation should no more be encouraged in one case than in the other. That a grand jury proceeding has no defined litigants and that none may emerge from it, is irrelevant to the issue." 309 U.S. at 327–328, 60 S.Ct. at 542.

On April 23, 1968, the Supreme Court denied certiorari in Stern v. Robinson, 390 U.S. 1027, 88 S.Ct. 1417, 20 L.Ed.2d 285. In that case this Court held that the order of the District Court declining to enjoin presentation of evidence to a grand jury is interlocutory and unappealable. 391 F.2d 601 (6th Cir.). On May 7, 1968, the Supreme Court denied certiorari in Sturman v. United States, 391 U.S. 906, 88 S.Ct. 1652, 20 L.Ed.2d 420. In that case this Court held in an unpublished order that the District Court's order refusing to quash a grand jury subpoena requiring a publisher to produce certain records was not a final decision appealable under 28 U.S.C. § 1291. (6th Cir., No. 18,098, Feb. 17, 1968)

As said by Chief Justice Taft in Segurola v. United States, 275 U.S. 106, 112, 48 S.Ct. 77, 79, 72 L.Ed. 186, a "court will not in trying a criminal cause permit a collateral issue to be raised as to the source of competent evidence. To pursue it would be to halt in the orderly progress of a cause and consider incidentally a question which has happened to cross the path of such litigation * * *."

It is to be emphasized that this is not a case where the District Court adjudged the witness to be in contempt for refusal to answer a question before a grand jury after having been ordered to do so by the District Judge. In that situation the order of adjudication in contempt would be appealable. Cobbledick v. United States, supra, 309 U.S. 323, 328, 60 S.Ct. 540, 84 L.Ed. 783. See United States v. Coplon, 339 F.2d 192 (6th Cir.); United States v. Goldfarb, 328 F.2d 280 (6th Cir.), cert. denied, 377 U.S. 976, 84 S.Ct. 1883, 12 L.Ed.2d 746.

Since the order of the District Court is not appealable, we do not reach the issue of whether the questions propounded to this witness would be protected as a privileged communication between attorney and client.

■ In the alternative, appellants request to have the papers treated as an application for writ of mandamus or writ of prohibition. It is well settled that these extraordinary writs cannot be used as a substitute for appeal. Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 383, 74 S.Ct. 145, 98 L.Ed. 106; United States Alkali Export Association, Inc. v. United States, 325 U.S. 196, 203, 65 S.Ct. 1120, 89 L.Ed. 1554; Allstate Insurance Co. v. United States District Court, 264 F.2d 38 (6th Cir.); Massey-Harris-Ferguson, Ltd. v. Boyd, 242 F.2d 800 (6th Cir.), cert. denied, 355 U.S. 806, 78 S.Ct. 48, 2 L.Ed.2d 50. The application for writ of mandamus or writ of prohibition is denied.

■ The United States submitted to this Court for *in camera* inspection five sealed appendices which are stated to contain copies of sworn grand jury testimony in connection with this case. Under Rule 15(1) of the rules of this Court these appendices are not a part of the record on appeal, since they were not before the District Court. This Court therefore declines to consider the sealed appendices. The clerk of this Court is directed to return these appendices, which have not been opened, to the Department of Justice.

The stay order entered April 3, 1968, is dissolved. The motion for stay pending appeal is overruled and the appeal is dismissed.