Owen B. LAMPMAN and Thriftimart, Inc., a California corporation, Petitioners,

v.

UNITED STATES DISTRICT COURT FOR the CENTRAL DISTRICT OF CALIFORNIA, and Jesse W. Curtis, a Judge thereof, Respondents.

In the Matter of the Grand Jury Subpoena Duces Tecum Served upon Gershon L. Lewis.

Gershon L. LEWIS, Appellant,

v.

UNITED STATES of America, Appellee.

In the Matter of the Grand Jury Subpoena Duces Tecum Served upon Joseph R. Bolker, President of Walpole Estates, Inc.

Joseph R. BOLKER, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 23173, 23177 and 23178.

United States Court of Appeals Ninth Circuit.

Oct. 31, 1969.

As Modified on Denial of Rehearings Dec. 2, 1969.

Certiorari Denied Feb. 24, 27, 1970. See 90 S.Ct. 926, 943.

---

William J. Currer, Jr. (argued), Los Angeles, Cal., for appellant.

Donald A. Hansen (argued), Johnnie M. Walters, Asst. Atty. Gen., Joseph M. Howard, Atty., Dept. of Justice, Washington, D. C., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Walter S. Weiss (argued), of Long & Levit, Los Angeles, Cal., for Lewis and Bolker, appellants.

Before HAMLIN and DUNIWAY, Circuit Judges, and SMITH*, District Judge.

DUNIWAY, Circuit Judge:

These three cases were separately briefed but were argued together be-cause they all present similar questions. In No. 23,173, petitioner Lampman seeks a writ directing the District Court to set aside an order denying a motion to quash a subpoena, and to grant the motion to quash. Lampman has not appealed from the order denying his motion to quash. In Nos. 23,177 and 23,178, Lewis and Bolker have appealed from orders denying their motions to quash subpoenas.

In each case, the basic facts are similar. Each individual petitioner or appellant is an officer of a corporation. Each was served with a subpoena, directing him to appear before a Federal Grand Jury and to bring with him certain records of the corporation. Each corporation had previously been served with an administrative summons issued by the Internal Revenue Service (see 26 U.S.C. § 7602), and demanding the same records. Each had declined to comply. After various maneuvers, proceedings to enforce these summonses have not been pressed, and the District Court has denied motions to quash the Grand Jury subpoenas.

We conclude that the orders attacked are interlocutory, are not appealable, and are not such that we should seek to control the District Court's action under the All Writs Act (28 U.S.C. § 1651). We therefore do not decide the questions that the parties seek to present.

### 1. *The orders are not appealable.*

In Cobbledick v. United States, 1940, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783, the Court held that an order denying the motion of one subpoenaed to appear and produce documents before a Grand Jury to quash the subpoena is not a final appealable order. It affirmed a judgment of this court, dismissing such an appeal. No case cited to us indicates that *Cobbledick* is not still good law.[1]

---

* Honorable Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

1. *Cobbledick* has been repeatedly cited by the Supreme Court in cases which follow the policy against piecemeal litigation on which it rests. *E. g.*, Will v. United States, 1967, 389 U.S. 90, 96, 88 S.Ct. 269, 19 L.Ed.2d 305; Di Bella v. United States, 1962, 369 U.S. 121, 124, 82 S.Ct. 654, 7 L.Ed.2d 614; Parr v. United

Our decision in Continental Oil Co. v. United States, 9 Cir., 1964, 330 F.2d 347, 9 A.L.R.3d 1413, is not to the contrary. That case also concerned the denial of a motion to quash Grand Jury subpoenas. We ordered the subpoenas quashed. As to our jurisdiction, we said (p. 349):

"We have concluded that the appellants-petitioners are entitled to relief either by way of appeal, see Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950; Schwimmer v. United States, 8 Cir., 232 F.2d 855, or by way of mandamus or prohibition, see La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290; Atlass v. Miner, 7 Cir., 265 F.2d 312; United States v. Cobb, 9 Cir., 328 F.2d 115."

We did not decide which. *Cobbledick* was called to our attention in that case but was not cited or discussed in the opinion. We think that, in view of *Cobbledick*, we should treat *Continental Oil* as a case in which we granted relief under the All Writs Act.

2. *Relief under the All Writs Act is not appropriate here.*

 Every consideration relating to piecemeal litigation and delay of Grand Jury proceedings on which the Supreme Court rested its decision in *Cobbledick* is equally applicable when we consider whether to exercise our jurisdiction under the All Writs Act. The Supreme Court so indicated in Will v. United States, 1967, 389 U.S. 97–98, 88 S.Ct. 269. In *Will*, the Court cautions against use of the writ as a means of reviewing an interlocutory non-appealable order, especially in a criminal case. We are told to limit its use to exceptional cases amounting to judicial usurpation of power. And we can find no such circumstances here. Whether, in the light of

States, 1956, 351 U.S. 513, 518, 76 S.Ct. 912, 100 L.Ed. 1377. See also Thornton v. Corcoran, 1969, 132 U.S.App.D.C. 232,

*Will*, we would decide *Continental Oil* in the same way today, we need not decide.

In Nos. 23,177 and 23,178, the appeals are dismissed. In No. 23,173, the petition is denied.

407 F.2d 695, 697; Stewart v. Bishop, 8 Cir., 1968, 403 F.2d 674, 678.