**UNITED STATES of America, Plaintiff-Appellee,**

v.

**GRAND JURY, Defendant,**

and

**Henry M. Huffman, President, H & M Construction Company, Defendant-Appellant.**

**No. 27776.**

United States Court of Appeals, Fifth Circuit.

April 8, 1970.

---

James M. Russ and Charles R. Trulock, Jr., Orlando, Fla., for appellant.

Edward F. Boardman, U. S. Atty., Tampa, Fla., Kendell W. Wherry, Asst. U. S. Atty., Orlando, Fla., for appellee.

Before WISDOM, GEWIN and AINSWORTH, Circuit Judges.

GEWIN, Circuit Judge:

Henry M. Huffman seeks review of an order of the United States District Court for the Middle District of Florida denying his motion to quash a subpoena duces tecum and his motion for a protective order. The subpoena required Huffman, as president of H & M Construction Company (hereinafter, H & M), to produce certain records of that company before a federal grand jury. In support of his motion to quash, Huffman contended, (1) that the subpoena is an abuse of the court's process, and (2) that it is vague, indefinite, and overly broad in violation of the Fourth Amendment. In seeking the protective order, Huffman asserted that as a potential criminal defendant he has a Sixth Amendment right to counsel before the grand jury, which should be recognized and guaranteed by an order of the court. We dismiss for want of appellate jurisdiction.

H & M is the developer of two subdivisions, Parramore Village in Orlando, Florida and Catalina Village in Brevard County, Florida. The Federal Housing Administration became concerned because an inordinately large number of FHA insured loans, involving houses in these subdivisions, were going into default. Consequently, FHA requested an investigation by the FBI. In April of 1968, Special Agent Hubert J. O'Hara visited Huffman at the offices of H & M and requested permission to examine the company's records relating to Parramore Village. O'Hara was referred to the company's executive vice-president who refused to produce the records.

Unable to obtain voluntary production, O'Hara sought the assistance of the United States Attorney's office. In discussions with an Assistant United States Attorney, it was decided to subpoena the records before the grand jury. A subpoena was issued on 23 September 1968 requiring Huffman to appear before the grand jury on 25 September 1968 and produce specified records of the company relating to Parramore Village and Catalina Village.

On 25 September 1968, Huffman filed a motion to quash the subpoena and a motion for a protective order with the district court. After a hearing on the same day, during which Special Agent O'Hara testified, the district court entered an order that stayed compliance with the subpoena pending the court's consideration of legal memoranda to be submitted by the parties. The term of that grand jury expired without further action having been taken.

On 26 February 1969, a second subpoena duces tecum was issued for the newly convened grand jury, requiring Huffman's appearance with the specified records on 24 March 1969. On 17 March 1969, Huffman filed a motion to quash this subpoena and a second motion for a protective order. As in his earlier motions, Huffman asserted essentially two grounds in support of his motion to quash the subpoena: (1) that the subpoena is a subterfuge to obtain the documents for examination by federal agents, unrelated to any legitimate inquiry of the grand jury, and, as such, an abuse

of the district court's process; and (2) that the subpoena is so vague, indefinite and overly broad as to be violative of the Fourth Amendment. In his motion for a protective order, Huffman sought to have the court recognize a right to have counsel present, when he appeared before the grand jury.

A hearing on Huffman's motions was held on 21 March 1969, after which the district court ordered certain modifications of the subpoena. On 25 March 1969, the court entered the order from which this appeal is taken. It provided that the documents produced by Huffman must, "remain in the custody of the grand jury only," and limited their use by the grand jury to one week. The court found that the subpoena, as modified, was not oppressive and was pertinent to the grand jury's legitimate investigation. The motion to quash was thus denied. The order further provided that Huffman's counsel could station himself in the hall outside the grand jury room and that Huffman could leave the grand jury room and confer with counsel if he so desired. It, otherwise, denied the motion for a protective order.

■■ Examination of this case since oral argument has raised, for the first time, a question as to our jurisdiction; whether the order of the district court is a "final decision" appropriate for review under 28 U.S.C. § 1291. Though the government has not moved to dismiss the appeal, it is our duty to resolve that question.[1] In Cobbledick v. United States,[2] the Supreme Court affirmed the court of appeal's determination that it was without jurisdiction to review a district court's denial of motions to quash subpoenas duces tecum, requiring petitioners to appear and produce documents before a federal grand jury. In holding the orders of the district court were not final decisions under 28 U.S.C. § 1291, the Court stated:

> The proceeding before a grand jury constitutes "a judicial inquiry," of the most ancient lineage. The duration of its life, frequently short, is limited by statute. It is no less important to safeguard against undue interruption the inquiry instituted by a grand jury than to protect from delay the progress of the trial after an indictment has been found. (citations omitted).[3]

The principle of *Cobbledick* was re-affirmed by the Court in DiBella v. United States.[4] We are unable to escape the conclusion that the order in the instant case is not a "final decision." [5]

■ In a supplemental brief, requested by the court, Huffman contends that, if his appeal is found to be jurisdictionally defective, it should be considered as a petition for relief under the All Writs Act, 28 U.S.C. § 1651. As Professor Moore has observed:

> If the order is non-appealable and the party nevertheless takes an improvident appeal, there is authority to

1. See, Falsone v. United States, 205 F.2d 734 (5th Cir.), cert. denied, 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375 (1953).

2. 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940).

3. *Id.* at 327, 60 S.Ct. at 542.

4. 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962). *DiBella* concerned the appealability of an order granting or denying a pretrial motion to suppress material alleged to have been unconstitutionally seized.

5. Falsone v. United States, 205 F.2d 734, 737 (5th Cir.), cert. denied, 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375 (1953); In re Grand Jury Investigation, 318 F.2d 533 (2d Cir.), cert. dismissed, 375 U.S. 802,

84 S.Ct. 25, 11 L.Ed.2d 37 (1963); Dugan & McNamara v. Clark, 170 F.2d 118 (3d Cir. 1948); International Agricultural Corp. v. Pearce, 113 F.2d 964 (4th Cir. 1940); Lampman v. United States Dist. Ct. for Cent. Dist. of Calif., 418 F.2d 215 (9th Cir. 1969). See Hoffa v. United States, 309 F.2d 680 (5th Cir.), cert. denied, 371 U.S. 878, 83 S.Ct. 147, 9 L.Ed.2d 115 (1962). Contra, United States v. Guterma, 272 F.2d 344 (2d Cir. 1959); Schwimmer v. United States, 232 F.2d 855 (8th Cir.), cert. denied, 352 U.S. 833, 77 S.Ct. 48, 1 L.Ed.2d 52 (1956); Continental Oil Co. v. United States, 330 F.2d 347 (9th Cir. 1964). *See* generally 6 J. Moore, Federal Practice § 54.16 (2d ed. 1953).

the effect that the improvident appeal may be treated as a petition for an appropriate writ * * *.[6]

However, the Ninth Circuit, whose cases provide the authority referred to in the quotation above,[7] stated in Lampman v. United States District Court for Central District of California:[8]

Every consideration relating to piecemeal litigation and delay of Grand Jury proceedings on which the Supreme Court rested its decision in *Cobbledick* is equally applicable when we consider whether to exercise our jurisdiction under the All Writs Act. The Supreme Court so indicated in Will v. United States, 1967, 389 U.S. [90,] 97–98, 88 S.Ct. 269, [19 L.Ed.2d 305.] In *Will*, the Court cautions against use of the writ as a means of reviewing an interlocutory non-appealable order, especially in a criminal case. We are told to limit its use to exceptional cases amounting to judicial usurpation of power.

Such an exceptional situation is not presented by the facts of the present case.

Accordingly the appeal is dismissed.

---

6. 6 J. Moore, Federal Practice § 54.10[4] at 93 (2d ed. 1953).

7. Shapiro v. Bonanza Hotel Co., 185 F.2d 777 (9th Cir. 1950); Steccone v. Morse-Starrett Prods. Co., 191 F.2d 197 (9th Cir. 1951); Cord v. Smith, 370 F.2d 418 (9th Cir. 1966).

8. 418 F.2d 215, 217 (9th Cir. 1969).