In the Matter of the Grand Jury Subpoena Duces Tecum of Raymond J. RYAN, Appellant.

No. 23343.

United States Court of Appeals, Ninth Circuit.

Decided May 19, 1970.

Rehearing Denied July 29, 1970.

Herbert J. Miller, Jr. (argued), John Joseph Cassidy, Raymond G. Larroca, of Miller, Cassidy, Larroca & Lewin, Washington, D. C., Wm. H. Orrick, Jr., Robt. J. Gloistein, of Orrick, Dahlquist, Herrington & Suitcliffe, San Francisco, Cal., for appellant.

Harold T. Joyce (argued), Wm. Matthew Byrne, U. S. Atty., Phillip R. Michael, Special U. S. Atty., Will Wilson, Asst. Atty. Gen., Criminal Division, Los Angeles, Cal., Edward T. Joyce, Philip R. Michael, Gerald E. McDowell, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before JERTBERG, MERRILL, and ELY, Circuit Judges.

PER CURIAM:

This appeal is from an Order of the District Court denying appellant's motion to quash a subpoena duces tecum, ordering him to produce most of the documents called for by the subpoena and requiring affirmative action in relation to other documents. Ryan presents several important contentions in this court, including persuasive arguments grounded in constitutional law. We have concluded that we need not resolve all of these issues, having finally

become convinced that the Order is vague and overly broad.

Ryan, an American citizen, has been under investigation for tax evasion for several years. The aspect of the investigation with which we are dealing concerns several African businesses of which Ryan is apparently the principal shareholder. He was subpoenaed by the Grand Jury of the Central District of California and ordered to bring with him "all books, records, papers, and documents" pertaining to five different companies, all located in Kenya. Ryan moved to quash the subpoena on the grounds, among others, that it was overly broad, that it was served improperly, and that full compliance with it would require him to violate Kenya law. The District Court denied the motion to quash and entered the Order from which Ryan appeals.

 The Government contends that we have no jurisdiction to entertain the appeal, arguing that the Order is nothing more than an interlocutory order in a criminal proceeding. Several cases are cited in support of this contention. Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); In re Grand Jury Investigation, 318 F.2d 533 (2d Cir. 1963); In re Buckey, 395 F.2d 385 (6th Cir. 1968). In none of the cases cited, however, had the District Court ordered anything other than compliance with the subpoena. In contrast, the District Court here modified the subpoena with respect to certain documents and directed the appellant to undertake steps in a foreign country to have those documents released by other persons for transportation to this country or for inspection in Kenya by United States agents. In directing that affirmative action be taken in another country, the District Court did more than deny a motion to quash; it in effect granted a mandatory injunction which, given full

effect, would require action by officials of the Kenyan Government. *See* International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n, 389 U.S. 64, 88 S.Ct. 201, 19 L.Ed.2d 236 (1968). We therefore conclude, in the particular circumstances of this case, that we should hold the Order to be appealable under 28 U.S.C. § 1292(a) (1). *See* Continental Oil Co. v. United States, 330 F.2d 347 (9th Cir. 1964); *cf.* Lampman v. United States Dist. Ct., 418 F.2d 215 (9th Cir. 1969).[1]

 As an injunction, the Order is defective in not stating with sufficient particularity what Ryan was expected to do. Moreover, it is oppressive in scope, it being said without contradiction that Ryan's compliance would require him to transport 2000 pounds of records at his own expense from Kenya. The challenged Order incorporated by reference the subpoena, which had called for all records of the five businesses "including but not limited to checkbooks, books of accounting, disbursement journals, and any and all correspondence relating to these five entities, as well as records, books, papers, documents, and correspondence relating to the application of the currency control regulations and the foreign investments protection act of Kenya to these five" companies. The Government conceded that the subpoena itself was overly broad, but the District Court did not undertake to clarify it or to limit it, except to remove only a few documents from its attemped operation. As to those excepted documents, the Order required affirmative action on the part of Ryan that, arguably, would require him to violate the law of Kenya. Finally, we note that the need for the subpoena, or an injunction, could have been obviated by the use of letters rogatory. The District Court refused to require this approach because of information presented to the court *in camera* and not disclosed to Ryan or his counsel.

1. In *Lampman*, the sole challenge to the subpoena was based on action allegedly conflicting with Internal Revenue Service administrative procedures. While we held the Order in *Lampman* was not appealable, that Order cannot be fairly compared, in breadth, reach, or overseas effect, to the one that is now before us.

This information purportedly related to Ryan's improper influence upon the Attorney General of Kenya. On the record before us, we cannot accept the insinuation that the authorities of a friendly foreign power are subject to corruption. We were informed on oral argument that letters rogatory are now being pursued by the Government, and we have no reason to doubt that the Kenyan Government and its officials will respond in a manner consistent with their jurisprudential heritage.

Reversed.