In re William H. **OSWALT,** d/b/a William Maxwell Construction Company, Petitioner.

No. 79–3341.

United States Court of Appeals, Fifth Circuit.

Nov. 9, 1979.

Winstead, McGuire, Sechrest & Trimble, Jay J. Madrid, Dallas, Tex., for petitioner.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., for respondent.

Before GODBOLD, RONEY and VANCE, Circuit Judges.

PER CURIAM:

This matter is before the Court on a petition for writ of mandamus, or in the alternative for a writ of prohibition, to preclude the district court from enforcing a subpoena requiring petitioner to turn over certain documents to the Government for presentation to the grand jury. Petitioner claims he is sole proprietor of the business whose records are sought, and asserts a Fifth Amendment privilege in connection with the business records. The district court held the records belong to the corporation, which has no Fifth Amendment privilege.

Since factual findings reached by the district court in a procedurally deficient evidentiary hearing were clearly erroneous on this record, the writ of mandamus shall issue to dissolve a district court order which permitted the Government to seize petitioner's business records and documents.

Petitioner's claim of privilege is founded on his assertion that the Government has sought documents which belong to him as sole proprietor of a construction business. *See In re Grand Jury Proceedings*, 601 F.2d 162, 168 (5th Cir. 1979). Petitioner has complied with the subpoena only insofar as it seeks, in his judgment, documents from a corporation of which petitioner is president. The Government argues that petitioner's sole proprietorship has been subsumed into the corporation and that, as such, no Fifth Amendment privilege may attach. *In re Grand Jury Proceedings*, 601 F.2d at 167.

The subpoena in question was issued to the "Wm. Maxwell Construction Company," a corporation, requiring production for the grand jury of "All business, non-personal, non-private, records of" The William Max-

well Company, including documents describing dealings with the Dallas Independent School District. Petitioner filed a motion to quash the subpoena, claiming the corporation had not entered into any construction contracts and was not engaged in any construction business, but was formed for the sole purpose of borrowing funds at more favorable rates than would be available to petitioner, William H. Oswalt, III, the sole proprietor. Oswalt claimed he continued to exercise complete dominion and control over his proprietorship records in his individual capacity, and that none had been transferred to the corporation. The district court denied the motion to quash.

When the time for compliance arrived, petitioner released about a dozen corporate documents, which the Government has deemed insufficient, but refused access to all other records, asserting they related to Oswalt's sole proprietorship.

That same afternoon, the district court conducted an impromptu hearing at the Government's request, at which time the United States Attorney filed an oral motion to require petitioner to show cause why he had not complied with the subpoena. The district court, however, announced the hearing was not for the purpose of determining whether petitioner should be held in contempt for failure to comply. Nevertheless, the district court ordered petitioner to introduce evidence to show that his invocation of the Fifth Amendment privilege was justified under the circumstances. Testimony was received from two witnesses—petitioner's accountant and a bank loan officer. Each testified the proprietorship and corporation were legally separate entities, and that the corporation's sole activity had been to borrow money from a local bank for use of the proprietorship. The proceeds of the loans were endorsed over to the proprietorship, which issued notes in favor of the corporation, the notes in turn immediately being endorsed over to the bank by the corporation as collateral for the loans. The corporation at no time deposited any of the borrowed funds in its own account.

In an oral ruling, the district court made the following findings:

(a) The corporation was engaged in the general construction business.

(b) "The number of employees that are out there [150] couldn't possibly be working just for a general proprietorship . . . ."

(c) When the corporation was organized, the proprietorship's records became the records of the corporation.

In light of those findings, the district court concluded a Fifth Amendment privilege could not be invoked in refusing to comply with the subpoena, and authorized federal agents to examine the documents the next morning at petitioner's place of business or, in the event of interference by petitioner, to seize the documents.

■■■ An examination of the hearing transcript reveals that the district court's factual findings were clearly erroneous. Uncontradicted testimony by petitioner's two witnesses showed the proprietorship and corporation were distinct legal entities. Apart from the loan transactions, the corporation had engaged in no activities and had no employees. That a business is large and has many employees does not preclude its characterization as a sole proprietorship. *In re Grand Jury Empanelled,* 597 F.2d 851, 859 (3d Cir. 1979). That a corporate charter gives power to the corporation to engage in the construction business, a point stressed by the Government, does not prove that it is so engaged.

■■■ Only where an individual holds records in a representative capacity is the Fifth Amendment privilege unavailable. *Bellis v. United States,* 417 U.S. 85, 89, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974); *United States v. White,* 322 U.S. 694, 699, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944) (official of unincorporated labor union); *United States v. LeBeouf Bros. Towing Co.,* 537 F.2d 149, 151 (5th Cir. 1976) (corporate agent). *Cf. United States v. Malnik,* 489 F.2d 682, 688 (5th Cir.), *cert. denied,* 419 U.S. 826, 95 S.Ct. 44, 42 L.Ed.2d 50 (1974) (partnership records could be protected so long as they are of a "personal character"). A sole proprie-

tor, on the other hand, is clearly entitled to Fifth Amendment protection. *Bellis v. United States,* 417 U.S. at 87, 88, 94 S.Ct. 2179; *In re Grand Jury Proceedings,* 601 F.2d at 168.

■ Absent certification by the district court, denial of a motion to quash a grand jury subpoena is not an appealable order. *United States v. Nixon,* 418 U.S. 683, 690, 691, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *United States v. Grand Jury,* 425 F.2d 327, 329 (5th Cir. 1970); 28 U.S.C.A. § 1292(b). One must choose either to obey the subpoena, or challenge the subpoena if later cited for contempt for noncompliance. Only if the trial court rejects the asserted privilege on a hearing for contempt is the matter then ripe for review. *United States v. Ryan,* 402 U.S. 530, 532, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971); *Cobbledick v. United States,* 309 U.S. 323, 328, 60 S.Ct. 540, 84 L.Ed. 783 (1940); *Carr v. Monroe Manufacturing Co.,* 431 F.2d 384, 387 (5th Cir. 1970).

In the present case, however, the district court did not certify the denial of the motion to quash, and petitioner was not given the opportunity to defend his failure to comply at a contempt hearing. The district court decided to hold the contempt matter in abeyance pending recovery by the Government of the documents, which it ordered, while at the same time it refused to grant leave to appeal to this Court.

■ Mandamus is clearly a remedy to be employed only in extraordinary circumstances. *Helstoski v. Meanor,* —— U.S. ——, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979); *United States v. Denson,* 603 F.2d 1143, 1146 (5th Cir. 1979) (*en banc*). "[T]he writ has been issued to exact a trial court's performance of its duty . . .," *id.* at 1147, but only when there is no other adequate means to obtain relief. *Kerr v. United States District Court,* 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *Will v. United States,* 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967). For example, in *Nixon v. Sirica,* 159 U.S.App.D.C. 58, 487 F.2d 700, 707 (D.C.Cir. 1973), the court reviewed the propriety of the district court's order to produce subpoenaed documents *in camera*

to determine if executive privilege could be invoked to deny divulgence of their contents. *See United States v. Nixon,* 418 U.S. at 683, 94 S.Ct. 3090. In *United States v. United States District Court,* 238 F.2d 713 (4th Cir. 1956), *cert. denied,* 352 U.S. 981, 77 S.Ct. 382, 1 L.Ed.2d 365 (1957), the court held there was power to grant relief by way of mandamus, to order the district court to vacate an order quashing subpoena for the production of documents before the grand jury. *But see City of Los Angeles v. Williams,* 438 F.2d 522 (9th Cir. 1971).

■ The Supreme Court has provided a procedure in the district courts whereby Fifth Amendment claims may be asserted in connection with grand jury subpoena. Unsuccessful in his request for leave to appeal the denial of a motion to quash the subpoena, petitioner asked this Court for relief when it became clear the district court had authorized federal agents to seize petitioner's documents before he would be given a chance to contest the subpoena in defense of a contempt citation. The federal agents were instructed that if resistance were encountered they should load the materials into a truck, and transport them to the courthouse. Because of that order petitioner was left without the usual remedy, since, regardless of his Fifth Amendment assertions, federal agents were authorized by the district court to remove the documents from petitioner's possession. Review of this Fifth Amendment assertion would thus be thwarted. Accordingly, mandamus is appropriate in this case, because the district court lacked power to issue the order authorizing the Government to seize the documents. It is not appropriate to review the motion to quash the subpoena, which should occur only after a hearing on a motion for contempt or certification by the district court.

It is, therefore, ORDERED that the writ of mandamus issue so that the order authorizing the Government to seize petitioner's documents is dissolved.

WRIT OF MANDAMUS GRANTED.