In re GRAND JURY PROCEEDINGS.

Appeal of Gilberto URESTI, Movant.

No. 83–2163.

United States Court of Appeals,
Fifth Circuit.

Feb. 13, 1984.

Rehearing Denied March 30, 1984.

**1158**

Canales & Garza, G. Rudolph Garza, Jr., J.A. Canales, Corpus Christi, Tex., for movant-appellant.

Daniel K. Hedges, U.S. Atty., Corpus Christi, Tex., James R. Gough, Asst. U.S. Atty., Houston, Tex., Gloria C. Phares, Atty., Dept. of Justice, Washington, D.C., for Government.

Before GEE and GARWOOD, Circuit Judges, and EAST *, District Judge.

EAST, District Judge:

Movant-Appellant Gilberto Uresti (Uresti) timely appeals two orders of the District Court: (1) A denial of Uresti's motion to quash a grand jury subpoena duces tecum requiring the production of his campaign banking papers and records; and (2) A denial of Uresti's Fed.R.Crim.P. 41(e) motion [1] for the return of the same papers and records later seized from his person pursuant to a search warrant.

As an alternate to the appeal, Uresti petitions for a writ of mandamus commanding the District Court to correct the alleged errors in entering each of the orders of denial.

We note a want of appellate jurisdiction and dismiss the appeal and petition.

FACTS

There is no genuine dispute of the facts involved in these proceedings; however, in order to give the reader a word picture of the circumstances leading up to Uresti's production in the District Court, we recite these events:

A grand jury was empaneled by the District Court, and it began investigating alleged voter fraud in Duval County, within the District. During the course of such investigation, the grand jury caused Uresti to be served with a subpoena duces tecum requiring Uresti to appear on March 15, 1983, and produce documents pertaining to his campaign for and election to judicial office in Duval County, Texas.[2]

Uresti moved the District Court to quash the subpoena. During the morning of March 15, 1983, the day set for Uresti's appearance before the grand jury, the District Court heard the motion.[3] The District Court, intending to render a decision later in the day, took the matter under advisement.

Uresti had brought the subpoenaed documents to court that morning, intending to refuse to deliver them to the grand jury if his motion to quash was denied. While

---

* District Judge of the District of Oregon, sitting by designation.

1. Fed.R.Crim.P. 41(e):

A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that he is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is *made* or comes on for hearing in the district of trial *after an*

*indictment* or information is filed, it shall be treated also as a motion to suppress under Rule 12.
(Emphasis supplied).

2. Two days prior to the date set for production, an Assistant United States Attorney told Uresti's attorney that only the campaign bank records were actually being sought.

3. Uresti argues that the bank records which the Government sought were private, personal records and that, as a target of the grand jury's investigation, forcing him to produce the records violated his Fifth Amendment right against self-incrimination, and his Fourth Amendment right against unreasonable searches and seizures.

Uresti awaited his grand jury appearance, and after the hearing of his motion to quash was taken under advisement, a local Federal Magistrate issued a search warrant for the documents sought by the grand jury subpoena.[4] The box of documents Uresti brought to court that morning was seized pursuant to the warrant as he waited in the grand jury witness room.

That afternoon Uresti moved the District Court for "immediate emergency relief" under a claim of illegal tactics by the Government in seizing the documents. The District Court declared the motion moot, denied the motion to quash which had been taken under advisement that morning, and refused to grant Uresti's oral motion for the return of the seized documents.

On the following day, March 16, 1983, the District Court agreed to hear a written motion filed by Uresti pursuant to Fed.R. Crim.P. 41(e) for return of the seized property. At the conclusion of the hearing, the District Court denied the motion.

## ISSUES OF APPELLATE JURISDICTION

### Mootness

The Government asserts that the denial of Uresti's motion to quash the subpoena is moot since the District Court can no longer grant the relief sought because the records have been obtained by a search warrant.

In view of the ultimate dismissal of the appeal for lack of appellate jurisdiction, we do not reach the issue of mootness.

### Motion to Quash

■ Uresti asserts jurisdiction of the appeal under 28 U.S.C. § 1291. We do not agree. Section 1291 requires a final appealable order as a prerequisite for an appeal to this court. The District Court's order denying Uresti's motion to quash the subpoena is not a final appealable order. *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940), and *United States v.*

*Grand Jury (Huffman)*, 425 F.2d 327 (5th Cir.1970).

### Motion for Return of Property

Uresti asserts jurisdiction to review the District Court's denial of the motion for return of property exists pursuant to 28 U.S.C. § 1291, and the so-called "anomalous jurisdiction" discussed in *Richey v. Smith*, 515 F.2d 1239 (5th Cir.1975), and *Hunsucker v. Phinney*, 497 F.2d 29 (5th Cir.1974), *cert. denied*, 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975).

Uresti's citation to § 1291, 28 U.S.C., for appellate jurisdiction is without merit. The standard set forth in *DiBella v. United States*, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962), for appealability of such a pre-indictment motion pursuant to § 1291 states that appeal may be had if "the motion is solely for the return of property and is in no way tied to a criminal prosecution *in esse* against the movant." *Id.* at 131–32, 82 S.Ct. at 660. Otherwise, the motion denial is an interlocutory ruling which will be dismissed on appeal because § 1291 limits our jurisdiction to appeals from final decisions.

This court has interpreted the language of *DiBella* "broadly, holding that only if the motion is 'a collateral attempt to retrieve property and not an effort to suppress evidence in related criminal proceedings is it appealable.'" *Simons v. United States*, 592 F.2d 251, 252 (5th Cir.), *cert. denied*, 444 U.S. 835, 100 S.Ct. 69, 62 L.Ed.2d 45 (1979), *quoting United States v. Glassman*, 533 F.2d 262 (5th Cir.1976).

■ The "related criminal proceedings" language here does not make essential a subsequent indictment to a finding of non-appealability. *United States v. Glassman.* The relevant focal point is whether or not the motion was made primarily to withhold evidence from the anticipated grand jury hearings and, therefore, not made "solely for the return of property."

---

4. An Assistant U.S. Attorney told the District Court sometime later that the documents were sought to aid the grand jury's investigation of another individual concerning the campaign, although he did not preclude use of the records against Uresti if further investigation warranted it.

It is apparent from Uresti's argument on appeal that the motion was made as an effort to exclude review of the subpoenaed documents by the Government and the grand jury for fear that such might lead to indictment. Moreover, the documents concerned an ongoing grand jury investigation of others who might be involved in the alleged fraud, and the grand jury had at that time issued indictments in the case. Therefore, this was not simply "a collateral attempt to retrieve property," but an effort to exclude evidence. As such, the District Court's denial of Uresti's motion for return of property is non-appealable.[5]

The "anomalous jurisdiction" phrase in *Richey* and *Hunsucker* is utilized to refer to the instance where a suit for return of property is made prior to the initiation of any civil or criminal proceedings flowing from the seizure of that property. As to whether the District Courts have jurisdiction to entertain the suit, this court said "that such actions are governed by equitable principles, whether viewed as based on F.R.Crim.P. 41(e) or on the general equitable jurisdiction of the federal courts." *Richey,* 515 F.2d at 1243. In short, the District Court has "anomalous jurisdiction" generally to hear a suit for return of property apart from that authority found in Fed.R.Crim.P. 41(e).

It is readily apparent even upon the most cursory review that the notion of "anomalous jurisdiction" as discussed in *Richey* and *Hunsucker* pertains to the District Courts and is not a supplement to this court's appellate jurisdiction.

We hold that this court lacks appellate jurisdiction to entertain Uresti's appeal of the order denying his motion for return of the campaign banking papers and records.

*Writ of Mandamus*

 Uresti claims that this court holds jurisdiction to entertain his petition for a writ of mandamus under 28 U.S.C. § 1361 and the All Writs Act, 28 U.S.C. § 1651(a). We do not subscribe to that claim. The very language of § 1361 granting mandamus jurisdiction limits its applicability to the District Court.

Section 1651(a), the All Writs Act, also does not help Uresti. It is settled that § 1651 does not enlarge a court's jurisdiction. As Professor Moore has observed:

Since 28 U.S.C. § 1651 authorizes the issuance of writs only in aid of jurisdiction, and since the jurisdiction of the courts of appeals is solely appellate, the power conferred on them by § 1651 is limited to their appellate jurisdiction.

9 Moore's Federal Practice ¶ 110.28 at 315 (2d ed. 1983). Thus, there must be proper jurisdiction for the Court of Appeals to issue the extraordinary writ of mandamus. In *Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967), the court stated:

While the courts have never confined themselves to an arbitrary and technical definition of "jurisdiction," it is clear that only exceptional circumstances amounting to a judicial "usurpation of power" will justify the invocation of this extraordinary remedy.

 Although Uresti has arguably portrayed exceptional circumstances surrounding the Government's conduct in obtaining the search warrant before the District Court had ruled on the motion to quash, the facts are not present showing a "judicial 'usurpation of power'" such as to warrant jurisdiction in this matter under the Act.

Uresti's reliance on this court's decision in *In Re Oswalt,* 607 F.2d 645 (5th Cir.1979), is misplaced. In the matter before us, the District Court *did not* issue any order that could impede or destroy Uresti's ultimate right to appeal following a conviction for

---

**5.** Uresti's motion for the return of the papers and records is grounded upon an alleged unlawful search warrant arising from the Government's unfair tactics and an insufficient affidavit in support of the warrant. No indictment had been returned charging Uresti with a crime at the time of seizure of the campaign banking records. Therefore, the District Court could not consider Uresti's motion for return of the documents as a motion to suppress under Rule 12. *See* Fed.R.Crim.P. 41(e), *supra.* Neither do we reach the merits of Uresti's contentions regarding the unlawful search warrant.

contempt based upon a refusal to produce the papers and records. In *Oswalt,* the District Court *did* issue just such an order destroying Oswalt's right of appeal from the orders of denial. It was that circumstance in *Oswalt* that supported the issuance of a writ of mandamus. Those circumstances are not present here.

Uresti's petition for writ of mandamus must be dismissed for lack of appellate jurisdiction.

DISPOSITION

Uresti's appeal is dismissed for a lack of appellate jurisdiction in this court.

The alternate petition for a writ of mandamus is dismissed on like grounds.

APPEAL AND PETITION DISMISSED.