CITY OF LOS ANGELES, a municipal corporation, Petitioner,

v.

Honorable David W. WILLIAMS, United States District Judge, Respondent.

P. J. LUPTON, Real Party in Interest.

No. 71–1022.

United States Court of Appeals, Ninth Circuit.

Feb. 10, 1971.

Roger Arnebergh, L. A. City Atty., George Franscell, Asst. City Atty., Los Angeles, Cal., for petitioner and real party in interest.

Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for respondent.

Before DUNIWAY, CARTER and KILKENNY, Circuit Judges.

PER CURIAM:

The question presented is whether, in these circumstances, the order of the district court enforcing a grand jury subpoena is reviewable by way of writ of mandamus or prohibition.

Beyond question, the district court had jurisdiction to decide whether the subpoena demanded privileged material. Lampman v. United States District Court, 418 F.2d 215 (9th Cir. 1969), cert. denied 397 U.S. 919, 90 S.Ct. 926, 25 L.Ed.2d 100 (1970). That the federal grand jury had authority to issue the subpoena, Shillitani v. United States, 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038, 4 L.Ed.2d 989 (1960), and had power to enforce a compliance with the requirements of the subpoena by an appropriate order, is well settled. Cobbledick v. United States, 309 U.S. 323, 327, 60 S.Ct. 540, 84 L.Ed. 783 (1940). The contention that the claim of privilege enjoys a special status in considering a petition for an extraordinary writ has been expressly rejected

by the United States Supreme Court in *Will v. United States*, 389 U.S. 90, 88 S. Ct. 269, 19 L.Ed.2d 305 (1967). By undertaking to decide the issue of whether the material subpoenaed by the grand jury was privileged, the district court was acting within its jurisdiction and was not engaged in a "usurpation of power", as that phrase is used in *Will*.

*Continental Oil Co. v. United States*, 330 F.2d 347 (9th Cir. 1964), upon which petitioner relies, cannot be reconciled with *Will v. United States, supra*, the case which controls our decision. The panel in *Lampman v. United States District Court, supra*, 418 F.2d p. 217, another case upon which petitioner relies, found it unnecessary to inquire into the impact of *Will* on *Continental*.

The petition is denied.