**In re GRAND JURY SUBPOENAS DUCES TECUM (Ed Marger) (Dennis Merenbach).**

**Robert Kent LAHODNY, Movant-Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 82–5817.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 1982.

Decided Dec. 21, 1982.

---

Barry Tarlow, Los Angeles, Cal., on brief, for movant-appellant.

Douglas G. Hendricks, Asst. U.S. Atty., on the brief, Peter K. Nunez, U.S. Atty., San Diego, Cal., on brief, for appellee.

Before PREGERSON, ALARCON and POOLE, Circuit Judges.

POOLE, Circuit Judge:

The district court denied the motion of Robert Kent Lahodny, appellant, to quash grand jury subpoenas *duces tecum* served on two attorneys who formerly represented him. We affirm.

Ordinarily, appellate jurisdiction to review a denial of a motion to quash a grand jury subpoena does not lie until the person to whom the subpoena is directed has first resisted the order and has been found in contempt. *United States v. Ryan,* 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1970); *Cobbledick v. United States,* 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940).

However, an immediate appeal is proper when the subpoena is directed to a third party, here the appellant's attorney, because that party normally will not be expected to risk a contempt citation but will instead surrender the sought-after information, thereby precluding effective appellate review at a later stage. *In re Grand Jury Proceedings (Fine),* 641 F.2d 199 (5th Cir. 1981); *In re Grand Jury Proceedings (Katz),* 623 F.2d 122 (2d Cir.1980). *Cf. Perlman v. United States,* 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918) (immediate appeal is proper of a district court order compelling testimony that will injure a third party).

■ Lahodny contends that the subpoenas seek information which is protected by the attorney-client privilege. The government argues that the information it seeks, relating to the fee arrangements between Lahodny and the attorneys, is not privileged. As a general rule, where one party has demonstrated a legitimate need for such information, the disclosure of the identity of an attorney's clients and the fee arrangements with clients are not confidential communications protected by the attorney-client privilege. *United States v. Sherman,* 627 F.2d 189, 190 (9th Cir.1980); *United States v. Hodge and Zweig,* 548 F.2d 1347, 1353 (9th Cir.1977). A significant exception to this principle of nonconfidentiality holds that such information may be privileged when the person invoking the privilege is able to show that a strong possibility exists that disclosure of the information would implicate the client in the very matter for which legal advice was sought in the first case. *United States v. Hodge and Zweig,* 548 F.2d at 1353, *citing Baird v. Koerner,* 279 F.2d 623, 630 (9th Cir.1960).

■ This exception has been narrowly applied by the courts. When the identity of the attorney's client is already known or when the client is already under investigation for the charges in question, there is less justification for a cloak of confidentiality around the fee arrangements. *United States v. Sherman,* 627 F.2d at 192; *United States v. Hodge and Zweig,* 548 F.2d at 1353. This court has also held that the attorney-client privilege does not support protection of information concerning the amount of fees paid. *United States v. Sherman,* 627 F.2d at 192. Even where fee arrangements may tend to implicate a known client, this in itself may not be sufficient to justify application of the attorney-client privilege when the information sought will not provide the "last link" in the chain of evidence incriminating the client. *In re Grand Jury Proceedings (Pavlick),* 680 F.2d 1026 (5th Cir.1982) (en banc).[1]

■ The district court ruled in the present case that the attorney-client privilege would not prevent Lahodny's former attorneys from being required to appear before the grand jury and from being required to bring certain financial records pertaining to their fee arrangements with Lahodny. We cannot say that the district court was clearly erroneous in this determination.[2] The identity of Lahodny is already known to the government; and information concerning only the amount of fees paid is not generally considered to fall within the exception to the nonconfidentiality rule. *United States v. Sherman,* 627 F.2d at 192.

■ Lahodny raises the further contention that the specific questions to be put to the attorneys, a list of which was attached to the subpoenas, go beyond inquiring into legal fees, but seek to discover the names of coconspirators or other persons who may have paid Lahodny's legal fees. Lahodny asserts that the questions are overly-broad and the responses thereto may tend to incriminate him.

---

1. The exception also does not apply where the legal representation was secured in furtherance of present or intended continuing illegality, as where the provision of legal representation itself is part of a larger conspiracy. *United States v. Hodge and Zweig,* 548 F.2d 1347, 1352 (9th Cir.1977).

2. The standard of review is the clearly erroneous standard since the question turns on a determination of factual issues. *United States v. Hart,* 546 F.2d 798, 801–02 (9th Cir.1976) (en banc).

We do not reach the merits of Lahodny's objection to the specific questions contained in the subpoenas, because the issue is not yet ripe for judicial review. The subpoenas only command appearance before the grand jury. The fact that certain questions are written down and attached to the subpoenas imparts no additional force to them; responding to the subpoena will not constitute a waiver of any right or privilege with regard to those questions. Any privileges which Lahodny or his former attorneys may wish to assert should properly be raised at the grand jury hearing. Whether any privilege should apply to protect information Lahodny wishes to remain confidential will be determined on the merits in the first instance by the district court after it has been asserted at the grand jury proceeding.

AFFIRMED.