988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re GRAND JURY SUBPOENA DUCES TECUM SERVED ON PEREOS.
John C. VERTREES, Intervenor-Appellant,
v.
UNITED STATES of America, Appellee.
 No. 92-36697.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1993.
Decided March 12, 1993.
 
 1
 Appeal from the United States District Court for the Western District of Washington, No. GJ 5/91; William L. Dwyer, District Judge, Presiding.
 
 
 2
 W.D.Wash.
 
 
 3
 AFFIRMED.
 
 
 4
 Before CANBY and REINHARDT, Circuit Judges, and TASHIMA, District Judge*.
 
 
 5
 MEMORANDUM**
 
 
 6
 Intervenor-appellant John Vertrees appeals the denial of his motion to quash a grand jury subpoena duces tecum served on his trustee and former lawyer, Nicholas Pereos. We have jurisdiction under 28 U.S.C. § 1291. See In Re Grand Jury Subpoenas Dated Dec. 10, 1987, 926 F.2d 847, 853 (9th Cir.1991).
 
 
 7
 On appeal, Vertrees asks this court to (1) review in camera certain documents submitted to the district court and rule that they are privileged or protected by the work product immunity to discovery; (2) quash the subpoena in toto; and (3) direct the government not to pursue certain lines of questioning with Pereos.
 
 
 8
 The subpoena is narrow, in the sense that it seeks only records of financial transactions conducted by Pereos with, by, or on behalf of Vertrees. We have reviewed the disputed documents and we affirm the district court's determination that, with five exceptions, they must be produced. With the exception of the documents specifically identified by the district court, the in camera submissions do not reflect legal advice or confidential communications made for the purpose of obtaining legal advice, and were not prepared in anticipation of litigation. They instead reflect actual business transactions conducted by Pereos in his capacity as Vertrees' trustee or for or on behalf of Vertrees.
 
 
 9
 In view of our conclusion that the vast majority of the documents in question are not privileged, we conclude that the district court did not abuse its discretion in declining to quash the subpoena in toto. No "chill" to a legitimate attorney-client relationship will result from the production of non-privileged documents.
 
 
 10
 Similarly, the district court did not abuse its discretion by refusing to attempt to demarcate lines of appropriate questioning of Pereos in advance of the actual questions. See In Re Grand Jury Subpoenas Duces Tecum, 695 F.2d 363, 365-66 (9th Cir.1982). The attorney-client privilege may of course be raised in response to particular questions.
 
 
 11
 The order of the district court is AFFIRMED.
 
 
 
 *
 The Honorable A. Wallace Tashima, District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3