990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerome Sherman STANLEY, Defendant-Appellant.
 No. 90-10049.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 17, 1991.
Remanded Aug. 7, 1991.
Resubmitted Dec. 30, 1992.
Decided March 29, 1993.
 
 Before SCHROEDER, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This case arises from the arrest and prosecution of a member of a methamphetamine production and distribution ring. Appellant Jerome Sherman Stanley was convicted of conspiracy to manufacture and distribute methamphetamine, 21 U.S.C. §§ 846, 841(a)(1); manufacturing and aiding and abetting the manufacture of methamphetamine, 21 U.S.C. § 841(a)(1); possession of methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1); use of a firearm in the commission of a felony, 18 U.S.C. § 924(c)(1); possession of an unregistered firearm, 26 U.S.C. § 5861(d); and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The district court sentenced Stanley to an aggregate term of 420 months in prison. Stanley appeals the conviction and sentences.[1] We affirm the convictions and remand the case for findings of fact with regard to the presentence report.
 
 DISCUSSION
 1. Motion To Suppress
 
 3
 Stanley argues that the district court erred in denying his motion to suppress evidence seized at the 1401 North "C" Street premises because the warrant did not adequately describe the place to be searched with particularity. He claims that a warrant which describes an entire building is invalid when cause was shown for searching only one section of the building.
 
 
 4
 Stanley's challenge is more properly characterized as one of probable cause. See United States v. Whitney, 633 F.2d 902, 907 (9th Cir.1980) ("the command to search can never include more than is covered by the showing of probable cause to search"), cert. denied, 450 U.S. 1004 (1981). A magistrate's determination that there is probable cause to issue a search warrant may not be reversed unless clearly erroneous. United States v. McQuisten, 795 F.2d 858, 861 (9th Cir.1986). The warrant is valid where the officers are unaware of the multi-unit character of the premises. United States v. Whitney, 633 F.2d at 907 n. 3; United States v. Gilman, 684 F.2d 616, 618 (9th Cir.1982).
 
 
 5
 Here, the district court found that the officers executing the warrant were unaware of the multi-unit character of the premises, and that finding is not clearly erroneous. Therefore, the magistrate properly issued the search warrant.
 
 2. Exigent Circumstances for Entry
 
 6
 Stanley next argues that the district court erred in concluding that the failure of police to await refusal of admittance before entering the premises was excused by exigent circumstances.
 
 
 7
 A district court's finding of exigent circumstances is reviewed de novo. United States v. McConney, 728 F.2d 1195, 1205 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984).
 
 
 8
 Federal law provides that an officer may enter a house to execute a search warrant without permission of the occupants if he gives notice of his authority and purpose and is refused admission. 18 U.S.C. § 3109. In the present case, the entries were preceded by announcements of the officers' authority and purpose. Stanley's claimed violation, therefore, arises from the officers' failure to wait for refusal of admittance.
 
 
 9
 The police need not wait to be refused admission if exigent circumstances exist. Whitney, 633 F.2d at 908. Exigent circumstances exist if there is likelihood that occupants will attempt to destroy evidence if given adequate opportunity. Id. at 909.
 
 
 10
 Here there was a likelihood that Stanley would destroy the evidence because the officers seeking entry were visible in advance to the occupants of the building. Accordingly, there was a sufficient showing of exigency to justify the officers' failure to wait for refusal of admittance. Additionally, the exigency which authorized entry to the business portion of the premises also authorized entry to the residential portion of the premises. United States v. Bustamante-Gamez, 488 F.2d 4 (9th Cir.1973), cert. denied, 416 U.S. 970 (1974).
 
 3. Motion For Continuance
 
 11
 Stanley contends that the trial court erred in denying his motion for a continuance. When Stanley's defense counsel was appointed a month earlier, he assured the court he would be ready for trial and that he would make no request for a continuance. However, one day before the trial was to commence, defense counsel moved for a continuance claiming the case was more complex than he had anticipated, and that he needed time to interview witnesses and obtain the services of expert witnesses.
 
 
 12
 A district court's decision to grant or deny a motion for a continuance is reviewed for an abuse of discretion. United States v. Cuveas, 847 F.2d 1417, 1428 (9th Cir.1988), cert. denied, 489 U.S. 1012 (1989). Fairness and due process concerns require that the accused be granted a continuance in order to prepare an adequate defense. United States v. Bogard, 846 F.2d 563, 566 (9th Cir.1988). Abuse of discretion is established if a defendant can show that the denial of his motion "resulted in actual prejudice to his defense." United States v. Gonzalez, 800 F.2d 895, 898 (9th Cir.1986).
 
 
 13
 Stanley has made no showing that an expert witness would have assisted him in his defense, or that he was otherwise prejudiced by the denial of his motion. Moreover, Stanley had already been granted one continuance, the witnesses had been subpoenaed and counsel for other defendants had a conflict with Stanley's proposed alternative trial date. We conclude the district court did not abuse its discretion in denying the motion because Stanley "did not make 'a specific showing of prejudice.' " Cuveas, 847 F.2d at 1428 (quoting Gonzalez, 800 F.2d 895 at 898.))
 
 4. Judicial Bias
 
 14
 Next Stanley argues that the district court abused its discretion in denying his motion for recusal during the sentencing phase, pursuant to 28 U.S.C. §§ 455(a) or (b), because the judge's admonishments during trial demonstrated prejudice towards Stanley and his attorney.
 
 
 15
 A district court's decision whether to grant a motion for recusal is reviewed for an abuse of discretion. United States v. Monaco, 852 F.2d 1143, 1147 (9th Cir.1988), cert. denied, 488 U.S. 1040 (1989). Recusal is not required if the alleged bias arises from conduct or rulings made during the course of the proceedings. United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986).
 
 
 16
 All alleged bias cited by Stanley took place during the course of the proceedings. Stanley has demonstrated no prejudice resulting from an extra-judicial source. Therefore, the district judge did not abuse his discretion in refusing to recuse himself.
 
 5. Motion to Proceed in Propria Persona
 
 17
 Stanley argues that the district court erred in denying his motion to proceed in propria persona midway through trial for the limited purpose of cross-examining the Government's expert witness.
 
 
 18
 Although a defendant has a constitutional right to proceed pro se, Faretta v. California, 422 U.S. 806, 832 (1975), his request for self-representation must be timely and not a tactic to secure delay, United States v. Smith, 780 F.2d 810, 811 (9th Cir.1986).
 
 
 19
 Stanley's request to proceed pro se was made on the sixth trial day. The expert he wished to examine was the Government's twenty-seventh witness. The district court's factual findings that the request was not timely, that Stanley's co-defendants would be prejudiced, and that the purpose of the request was to secure delay, were not clearly erroneous. Therefore, the district court did not err in denying Stanley's motion.
 
 6. Prejudice of Grand Jury Member
 
 20
 Stanley contends, for the first time on appeal, that a member of the grand jury was prejudiced against him because the grand jury member was an attorney who sat on a state bar disciplinary hearing committee which was reviewing a disciplinary matter against Stanley.
 
 
 21
 "[A] reviewing court will not generally consider a matter not first raised in the trial court." United States v. Greger, 716 F.2d 1275, 1277 (9th Cir.1983), cert. denied, 465 U.S. 1007 (1984). "Review is possible ... in the exceptional case where it would appear necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process." Id.
 
 
 22
 Because the grand juror in question recused herself from participation in the indictment process, review is not necessary to preserve the integrity and reputation of the judicial process. Therefore, we decline to consider this issue raised for the first time on appeal.
 
 7. Prior Bad Acts
 
 23
 Stanley argues that the district court improperly permitted the prosecution to cross-examine him regarding his prior arrest for possession of methamphetamine in violation of Fed.R.Evid. 404(b).
 
 
 24
 We review a trial court's Rule 404(b) ruling for an abuse of discretion. United States v. Spillone, 879 F.2d 514, 518 (9th Cir.1989), cert. denied, 111 S.Ct. 210 (1990).
 
 
 25
 During direct examination, Stanley opened the door by denying any involvement in methamphetamines. Therefore, evidence of his prior arrest for possession of methamphetamines was properly admitted to impeach his testimony.
 
 8. Jury Instructions
 
 26
 Stanley argues that the trial court erred in failing to instruct the jury regarding the 26 U.S.C. § 5861(a) charges against him. However, Stanley was not charged under subsection (a), rather he was charged under subsection (d). The jury was properly instructed with regard to this subsection.
 
 9. Failure of Codefendant's Counsel
 
 27
 Stanley argues, for the first time on appeal, that he was denied a fair trial because the counsel of co-defendant John Hanoum failed to present an expert witness and recall a government witness, as he had promised.
 
 
 28
 A defendant has no right to a "joint defense" that permits him "to rely on his codefendants to present evidence on his behalf during their case in chief instead of his own." United States v. Goland, 897 F.2d 405, 413 (9th Cir.1990). Accordingly, Stanley cannot rely on promises made by a co-defendant and was not denied a fair trial on this basis.
 
 10. Sentencing
 
 29
 Stanley argues the district court erred in its calculation of the offense level under the Sentencing Guidelines.
 
 
 30
 We review a trial court's application of the Guidelines de novo. United States v. Howard, 894 F.2d 1085, 1087 (9th Cir.1990). However we " 'give due deference to the district court's application of the guidelines to the facts.' " Id. (quoting 18 U.S.C. § 3742(e)). A district court's findings of fact are reviewed for clear error. United States v. Restrepo, 884 F.2d 1294, 1295 (9th Cir.1989).
 
 
 31
 A. Stanley argues that the district court erred when it determined the capability of the laboratory seized at the Garden Valley property could be considered in calculating the offense level under the Sentencing Guidelines.
 
 
 32
 Application Note 2 to section 2D1.2 permits the sentencing judge to consider the size or capability of any laboratory involved. United States v. Putney, 906 F.2d 477 (9th Cir.1990). Therefore, the district court properly applied Section 2D1.4 of the United States Sentencing Guidelines.
 
 
 33
 B. Stanley argues that the sentencing judge erred when he approximated the quantity of the controlled substance by relying on facts not in evidence.
 
 
 34
 We find that the sentencing court properly relied on evidence submitted at trial in its calculation.
 
 
 35
 C. Stanley's constitutional challenge of the Sentencing Reform Act has been rejected by this court in United States v. Bundy, 895 F.2d 538, 539 (9th Cir.1990) and United States v. Wilson, 900 F.2d 1350, 1351 (9th Cir.1990).
 
 
 36
 D. For the first time on appeal, Stanley argues that his sentence is cruel and unusual in violation of the Eighth Amendment. In a strained analogy to Lockett v. Ohio, 438 U.S. 586 (1978), Stanley argues that the statute does not allow consideration of certain mitigating factors in what he characterizes as a virtual life sentence. We conclude this issue was not properly preserved for appeal as Stanley has failed to indicate that this is "the exceptional case where [examination of the issue] would appear necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process." Greger, 716 F.2d at 1277.
 
 
 37
 11. Factual Findings of Challenge to Presentence Report
 
 
 38
 Stanley argues that the trial court failed to make findings of fact with respect to his allegations of factual inaccuracies in the presentence report. The Government responds that the district court did make such findings of fact, citing to the Record Transcript dated October 27, 1989, but that the court merely failed to attach those findings to the presentence report. The October 27th transcript cited by the Government is not included in the district court's record which was forwarded to this court.
 
 
 39
 Fed.R.Crim.P. 32(c)(3)(d) requires the court to make findings as to each allegation of factual inaccuracy, and attach a written record of such findings to the presentence report. We cannot determine, based on the record before us, whether the district court met these requirements. Therefore, we remand for the limited purpose of complying with Rule 32(c)(3)(d). If the findings were made, the district court is instructed to attach those findings to the presentence report. If the findings were not made, the district court is instructed to vacate the sentence, make the findings as to each factual inaccuracy that Stanley presented in the original hearing, and resentence Stanley accordingly.
 
 12. Ineffective Assistance of Counsel
 
 40
 Finally, Stanley's ineffective assistance of counsel claim is not ordinarily reviewable on direct appeal. United States v. Pope, 841 F.2d 954, 958 (9th Cir.1988). We do not find that Stanley's legal representation at trial was so inadequate as to deny him his constitutional right to counsel or a fair trial, the sole exception which allows for a direct appeal review of this claim. See United States v. Wagner, 834 F.2d 1474, 1482 (9th Cir.1987); United States v. Kazni, 576 F.2d 238, 242 (9th Cir.1978).
 
 CONCLUSION
 
 41
 The judgment of conviction is AFFIRMED. The case is REMANDED for the limited purpose of complying with Fed.R.Crim.P. 32(c)(3)(d).
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Stanley's arguments pertaining to whether methamphetamine is a controlled substance and whether the Special Assistant United States Attorney was improperly appointed, were the subjects of a separate published opinion. See United States v. Durham, 941 F.2d 886 (9th Cir.1991)
 Codefendant Bonnie Durham's appeal (No. 90-10022), originally consolidated with Stanley's appeal, is the subject of a separate memorandum disposition. Codefendant John Hanoum is not a party to either appeal, but is a party to the remand to the district court for findings concerning the extent of the supervision of the SAUSA. A separate unpublished memorandum denies Stanley, Durham and Hanoum's arguments on that subject.