28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re GRAND JURY SUBPOENA OF John P. CONNELLY.
Dennis CONNELLY, Intervenor-Appellant,
v.
UNITED STATES of America, Respondent-Appellant.
 Nos. 94-55197, 94-55619.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 6, 1994.
Decided June 20, 1994.
 
 Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dennis Connelly, the target of a grand jury investigation, appeals the district court's order requiring his attorney, John Connelly, to produce documents pursuant to a grand jury subpoena. We have jurisdiction under the Perlman doctrine. See United States v. Perlman, 247 U.S. 7, 12-13 (1918); In re Grand Jury Subpoena Duces Tecum (Lahodny), 695 F.2d 363, 365 (9th Cir.1982). We review de novo whether the documents are protected by the attorney-client privilege because the issue is a mixed question of law and fact. In re Grand Jury Investigation (The Corporation), 974 F.2d 1068, 1070 (9th Cir.1992). After a thorough review of the 94 withheld documents and the government's in camera submission, we affirm the district court's decision to compel production.
 
 
 3
 Even if we assume John Connelly carried his burden of proving that the attorney-client privilege applies to the documents, see id., we hold that the documents fall within the crime-fraud exception. "[T]he attorney-client privilege does not extend to attorney-client communications which solicit or offer advice for the commission of a crime or fraud." Id. at 1071. The crime-fraud exception applies even if "the attorney is unaware that his advice may further an illegal purpose." United States v. Laurins, 857 F.2d 529, 540 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989). To successfully invoke the crime-fraud exception, "the government must make a prima facie showing that the attorney was retrained in order to promote intended or continuing criminal or fraudulent activity." United States v. De La Jara, 973 F.2d 746, 748 (9th Cir.1992) (internal quotations omitted). The government satisfies the prima facie requirement by offering "evidence that if believed by the trier of fact would establish the elements of an ongoing or imminent crime or fraud." See Laurins, 857 F.2d at 541 (citing In re Sealed Case, 754 F.2d 395, 399 (D.C.Cir.1985)).
 
 
 4
 Here, the government's in camera submission and the contents of the withheld documents overwhelmingly establish the crime-fraud exception applies. The evidence outlined in the government's affidavits suggest John Connelly was consulted for advice on how to hide assets from the government. The contents of the withheld documents support the government's claims, detailing a number of elaborate transactions designed to convey money or property from Dennis Connelly, Diane Connelly, or Jeffrey Smith to other individuals.
 
 
 5
 Dennis Connelly argues the government's submission was improperly made entirely in camera. He believes portions of the governments' submission are not protected by the grand jury secrecy requirements of Fed.R.Crim.P. 6(e)(2). However, even if he is correct, any error was harmless. The government's crime-fraud exception showing was overwhelming. Dennis Connelly contends he would attack the credibility of Diane Connelly and Jeffrey Smith, if their statements were contained in the government's in camera submission. But to establish a prima facie showing, the government need only produce "evidence that if believed by the trier of fact " would establish the crime-fraud exception. Laurins, 857 F.2d at 541 (emphasis added). In other words, if the government's submission contained statements from Diane Connelly or Smith, the district court was not required to resolve whether they were credible. Moreover, the government's submission and the contents of the withheld documents sufficiently establish the existence of the crime-fraud exception without any need to rely on statements by Diane Connelly or Smith.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3