51 F.3d 203
 31 Fed.R.Serv.3d 813
 In re GRAND JURY SUBPOENA ISSUED TO Charles D. BAILIN.
Edward SILVA, Jr.; Silva Harvesting Inc.; Edward O.C. Ord,
Inc.; Ord & Norman, Appellants,
v.
UNITED STATES of America, Appellee.
Edward SILVA, Jr., an individual; Silva Harvesting Inc.;
et al., Petitioners,
v.
UNITED STATES DISTRICT COURT FOR the NORTHERN DISTRICT OF
CALIFORNIA, Respondent,
United States of America, Real Party in Interest.
 Nos. 94-16684, 94-70757.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 12, 1994.
Decided March 28, 1995.
 
 Edward O.C. Ord, Ord & Norman, San Francisco, CA, for appellants-petitioners.
 Leo P. Cunningham and Daniel Graber, Asst. U.S. Attys., San Jose, CA, for appellee-real party in interest.
 Appeal from the United States District Court for the Northern District of California.
 Before: WALLACE, Chief Judge; PREGERSON and BEEZER, Circuit Judges.
 BEEZER, Circuit Judge.
 
 
 1
 Edward Silva, Silva Harvesting Inc. (collectively "Silva"), Edward O.C. Ord, Inc. and Ord & Norman appeal the district court's denial of their motion to quash a grand jury subpoena duces tecum directed at allegedly privileged records of Charles Bailin, Silva's tax accountant. Silva also attempts to obtain review of the district court's ruling through a petition for an extraordinary writ under the All Writs Act, 28 U.S.C. Sec. 1651. We dismiss the appeal for lack of subject matter jurisdiction and deny the petition.
 
 
 2
 * Bailin has been Silva's tax accountant for several years. In mid-1992, Bailin became aware that an agent of the Internal Revenue Service ("IRS"), Elizabeth Davis, was investigating a large number of cash payments received by Silva. Bailin recommended to Silva that Silva retain attorney Edward O.C. Ord in connection with the investigation, which Silva did in April 1992. Shortly thereafter, Ord retained Bailin to aid him in representing Silva in the investigation. Bailin testified that all actions he took after Ord was retained were at Ord's direction. The district court found that Bailin was Ord's agent at all times relevant to these proceedings.
 
 
 3
 In July 1992, Davis met with Bailin and gave him a list of ten cash transactions which she stated had been paid to Silva Harvesting. She requested that Bailin trace the payments into Silva's records to determine whether they had been reported as income. She candidly informed Bailin that she suspected Silva of using the cash illegally. Bailin did the investigation, and apparently could not trace all of the payments into Silva's books. Bailin revealed this fact to Davis at Ord's direction.
 
 
 4
 A criminal investigation ensued, and eventually the United States Attorney initiated a grand jury investigation. The grand jury issued a subpoena duces tecum to Bailin demanding production, among other things, of all of his workpapers relating to the cash tracing, and all of his notes of his conversations with Davis, Silva and Silva's employees relating to the investigation. Silva initiated the instant action in response to the subpoena.
 
 
 5
 The district court denied Silva's motion to quash the subpoena. The United States moved to dismiss the appeal for lack of jurisdiction.
 
 II
 
 6
 Silva contends that the district court's denial of the motion to quash the subpoena is appealable because Bailin was a "third party." The appealability of such an order where the subpoenaed party is a nonattorney agent of the movant is a question of first impression in this circuit. We hold that the order at issue here is not appealable.
 
 
 7
 * Generally, the denial of a motion to quash a subpoena is a nonappealable interlocutory order. United States v. Ryan, 402 U.S. 530, 532-33, 91 S.Ct. 1580, 1581-82, 29 L.Ed.2d 85 (1971). In order to appeal the order, the person subpoenaed must refuse to comply and contest the validity of the subpoena by appealing a contempt determination. Id. There is, however, a narrow exception to this rule where the subpoena is directed at a third party who "cannot be expected to risk a contempt citation" in order to preserve the movant's right to appeal. In re Grand Jury Subpoena Served Upon Niren, 784 F.2d 939, 941 (9th Cir.1986) (citing Perlman v. United States, 247 U.S. 7, 15, 38 S.Ct. 417, 420, 62 L.Ed. 950 (1918)).
 
 
 8
 We have previously held that the Perlman exception does not apply where the subpoena is directed at an attorney who is currently representing the party moving to quash the subpoena in connection with the grand jury proceedings. Niren, 784 F.2d at 941; In re Grand Jury Subpoena Dated June 5, 1985, 825 F.2d 231, 237 (9th Cir.1987). On the other hand, the denial of a motion to quash a subpoena directed at the movant's former attorney is appealable. In re Grand Jury Subpoenas Duces Tecum (Lahodny), 695 F.2d 363, 365 (9th Cir.1982). Although In re Grand Jury Subpoena 92-1 (SJ), 31 F.3d 826 (9th Cir.1994), concluded that the denial of a motion to quash a subpoena directed at a movant's attorney was immediately appealable without expressly discussing whether the attorney was still representing the movant, the opinion's citation to In re Grand Jury Subpoenas Dated Dec. 10, 1987, 926 F.2d 847, 852-53 (9th Cir.1991) (order immediately appealable because attorney was no longer representing the target of the subpoenas), indicates that the attorney was no longer representing the movant. See Subpoena 92-1 (SJ), 31 F.3d at 828-29. Also, an order denying a motion to quash a subpoena directed at an attorney representing the movant on a matter unrelated to the grand jury investigation is immediately appealable. In re Subpoena to Testify Before the Grand Jury (Alexiou), 39 F.3d 973, 975 (9th Cir.1994).
 
 
 9
 In Niren we expressed two reasons for the limitation of the Perlman exception: (1) the exception is intended to protect only those movants who are "powerless" to control the actions of the subpoenaed third party; and (2) it is particularly inappropriate to extend the exception to third-parties who are participants in the confidential relationship upon which the movant's claim of privilege is based. Niren, 784 F.2d at 941 (citing National Super Spuds, Inc. v. New York Mercantile Exch., 591 F.2d 174, 179-80 n. 7 (2d Cir.1979) (Friendly, J.)). These factors become decisively strong in the situation where the subpoenaed party is actively representing the movant in connection with the grand jury investigation. Subpoena Dated June 5, 1985, 825 F.2d at 237; cf. Alexiou, 39 F.3d at 975.
 
 
 10
 Under the above rationale, the Perlman exception does not apply here. Bailin was retained by Ord, Silva's attorney, to represent Silva in a confidential, fiduciary capacity. He has remained Silva's agent throughout these proceedings, and is therefore subject to Silva's control to some degree. More importantly, Bailin is necessarily a party to the relationship upon which Silva's entire claim of privilege is based. It is in precisely these circumstances that a third party can be expected to risk contempt in order to protect the privileged relationship.[1]
 
 
 11
 It does not matter that Bailin is an accountant rather than an attorney. Our cases declining to extend the Perlman exception to this situation have not relied on any special fiduciary obligations of attorneys, but rather on the present, confidential nature of the movant's agency relationship with the third party, and the fact that the relationship was related to the grand jury investigation. See Niren, 784 F.2d at 941; National Super Spuds, 591 F.2d at 179 (third party was nonattorney employee of movant); Subpoena Dated June 5, 1985, 825 F.2d at 237. This is consistent with a strict application of the final judgment rule in the grand jury process, designed to prevent parties from taking frivolous appeals for the purpose of delay. Subpoena Dated June 5, 1985, 825 F.2d at 236-37.
 
 B
 
 12
 Although the United States argues that we have no subject matter jurisdiction over Silva's appeal, it nevertheless urges us to avoid the jurisdictional question and apply the doctrine of "hypothetical jurisdiction" in order to affirm on the merits. We decline to extend "hypothetical jurisdiction" to this case.
 
 
 13
 We have applied "hypothetical jurisdiction" in certain cases where jurisdiction is disputed to assume, without deciding, the existence of subject matter jurisdiction in order to reach the merits of an appeal. Clow v. United States Dep't of Housing and Urban Dev., 948 F.2d 614, 616-17 n. 2 (9th Cir.1991). The doctrine has several required elements: (1) the jurisdictional question must be difficult; (2) the merits of the appeal must be insubstantial; (3) the appeal must be resolved against the party asserting jurisdiction; and (4) undertaking a resolution on the merits as opposed to dismissing for lack of jurisdiction must not affect the outcome. Id.
 
 
 14
 This case is not an appropriate one in which to apply this doctrine. It is sufficient to observe that the government's own argument reveals that resolving the appeal on the merits, rather than dismissing it for lack of jurisdiction, will affect the outcome. Because, as the government argues, we have no subject matter jurisdiction over this appeal, we cannot substantively alter the situation of the parties by deciding the appeal on the merits.
 
 III
 
 15
 Silva's eleventh-hour petition for review of the district court's order by extraordinary writ also fails. We have rejected attempts to use the All Writs Act as a means of avoiding the final judgment rule in the context of motions to quash grand jury subpoenas. Lampman v. United States Dist. Court, 418 F.2d 215, 217 (9th Cir.1969), cert. denied, 397 U.S. 919, 90 S.Ct. 926, 25 L.Ed.2d 100 (1970); City of Los Angeles v. Williams, 438 F.2d 522, 522-23 (9th Cir.1971).
 
 
 16
 In order to justify review by extraordinary writ, the district court's ruling on a motion to quash a grand jury subpoena must amount to a judicial "usurpation of power." Lampman, 418 F.2d at 217. No such usurpation is present here; it was obviously within the district court's jurisdiction to rule on Silva's motion to quash, and to decide whether the subpoenaed materials are privileged.[2] Williams, 438 F.2d at 523.
 
 
 17
 Our focusing on our earlier cases of Lampman and Williams concerning the standards for the issuance of extraordinary writs should not be construed as establishing a rule different from that set forth in Bauman v. District Court, 557 F.2d 650 (9th Cir.1977) (five factor framework for deciding petitions for extraordinary writs). It is clear that petitioner cannot succeed under Lampman and Williams. An application of the Bauman factors would not compel a different result.
 
 IV
 
 18
 We DISMISS Silva's appeal for lack of subject matter jurisdiction. Silva's petition for relief under the All Writs Act is DENIED.
 
 
 
 [1]
 We noted in Niren that, where a principal directs his or her agent to resist a court order to comply with a subpoena, it may be appropriate for the contempt sanctions to be directed at the principal. 784 F.2d at 941-42
 
 
 [2]
 We express no opinion on the correctness or incorrectness of the district court's determinations