92 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Salvador ZAVALA-ZARAGOZA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70104.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1996.*
Decided July 23, 1996.
 
 1
 Before: FERNANDEZ and TASHIMA, Circuit Judges, and MERHIGE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Salvador Zavala-Zaragoza, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's order of deportation and dismissing the appeal based on its finding that Zavala was statutorily ineligible for suspension of deportation, voluntary departure, or waiver of inadmissibility under the Immigration and Naturalization Act (INA). We deny the petition for review.
 
 JURISDICTION
 
 4
 On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214. Included in the AEDPA was a provision removing judicial review of deportation orders for aliens convicted of a drug offense. See AEDPA § 440(a).
 
 
 5
 Because the BIA ordered Zavala deported based on a narcotics conviction, section 440(a) appears to apply to Zavala's petition and to deprive this court of jurisdiction. However, the AEDPA presents difficult, even arcane, issues regarding retroactivity and constitutionality. By contrast, Zavala's petition raises clear issues, which are easily resolved and whose resolution leads to the same conclusion as would our lack of jurisdiction.[1]
 
 
 6
 Because Zavala's petition presents issues that are substantially clearer than the jurisdictional issue, we apply the doctrine of hypothetical jurisdiction and simply decide the issues presented by the petition. See In re Grand Jury Subpoena Issued to Bailin, 51 F.3d 203, 206 (9th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 472, 133 L.Ed.2d 402 (1995); Wong v. Ilchert, 998 F.2d 661, 662-63 (9th Cir.1993); Clow v. United States Dep't of Hous. & Urban Dev., 948 F.2d 614, 616 (9th Cir.1991) (per curiam).
 
 DISCUSSION
 A. Waiver of Inadmissibility
 
 7
 The BIA found Zavala to be deportable, and he does not contest that finding on appeal. However, even though an alien is found to be deportable, the INA allows the Attorney General to grant discretionary relief to aliens who meet the residence requirement. See 8 U.S.C. § 1182(c) (INA § 212(c)). "[T]o be eligible for § 1182(c) relief, aliens must accumulate seven years of lawful unrelinquished domicile after their admission for permanent residence." Castillo-Felix v. INS, 601 F.2d 459, 467 (9th Cir.1979). For aliens who received their permanent resident status based on the fact that they entered the United States prior to January 1, 1972 and maintained continuous residence, their permanent resident status begins "as of the date of the approval of [their] application...." 8 U.S.C. § 1259. "When deportability is conceded, lawful permanent residence is terminated when the Board denies the appeal, or the time for administrative appeal runs out without an appeal having been filed." Foroughi v. INS, 60 F.3d 570, 575 (9th Cir.1995).
 
 
 8
 Zavala was accorded lawful permanent resident status on July 21, 1988 when the INS approved his application pursuant to § 1259. His time as a permanent resident ended when the BIA denied his appeal on December 30, 1994. See id. Therefore, Zavala was seven months short of accruing the necessary seven years of legal permanent residence, and was not statutorily eligible for § 1182(c) relief. See Castillo-Felix, 601 F.2d at 467.
 
 B. Suspension of Deportation
 
 9
 The INA provides that for a deportable alien, the Attorney General, in her discretion, may "suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence...." 8 U.S.C. § 1254(a); see also INS v. Rios-Pineda, 471 U.S. 444, 445-46, 105 S.Ct. 2098, 2100, 85 L.Ed.2d 452 (1985). In order to qualify for the discretionary adjustment, an alien who is deportable based on a conviction for an aggravated felony or a narcotics violation must have "been physically present in the United States for a continuous period of not less than ten years immediately following the commission" of the offense. 8 U.S.C. § 1254(a)(2) (refering to aliens deportable under § 1251(a)(2), (3) and (4)); see also 8 U.S.C. § 1251(a)(2)(A)(iii) and (B)(i). "Every alien who applies for adjustment of status under 8 U.S.C. § 1255 bears the burden of proving that he meets the statutory requirements for eligibility." Rashtabadi v. INS, 23 F.3d 1562, 1567-68 (9th Cir.1994).
 
 
 10
 Zavala was convicted of sale of methamphetamine in violation of Cal.Health & Safety Code § 11379. That offense is analogous to distribution of methamphetamine in violation 21 U.S.C. § 841(a)(1). See United States v. Lomas, 30 F.3d 1191, 1194 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1158, 130 L.Ed.2d 1114 (1995) (analogizing transportation of cocaine in violation of California law to federal statute). As such, Zavala was convicted of a felony which would be punishable under the Controlled Substance Act, that is, he was convicted of a drug trafficking crime. See id.; 18 U.S.C. § 924(c)(2). The conviction would also fit into the categories of an aggravated felony and a serious drug offense. See 8 U.S.C. § 1101(a)(43)(B); Matter of Burbano, Interim Decision 3229 at n. 4 (BIA 1994). Because, the criminal complaint against Zavala charged that the offense occurred in May 1993, his conviction makes him deportable as an alien convicted of an aggravated felony or a controlled substance violation. See 8 U.S.C. § 1251(a)(2). Therefore, in order to be eligible for an adjustment of status, Zavala had to have been physically present in the United States for at least ten years after his offense. See 8 U.S.C. § 1254(a)(2). He was not, so he cannot demonstrate that he meets the statutory requirements for an adjustment of status. See Rashtabadi, 23 F.3d at 1567-68. For the same reason, he is not eligible for voluntary departure. See 8 U.S.C. § 1254(e)(1).
 
 
 11
 PETITION DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge, Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do note, however, that the BIA has declined to apply the provision retroactively. See In re: Soriano, No. Amj-zod-wvt, interim decision (BIA June 27, 1996) (en banc); contra Mendez-Rosas v. INS, No. 95-60472, 1996 WL 350716 (5th Cir. June 26, 1996) (per curiam) (because provision does not curtail petitioner's substantive rights, it applies retroactively to bar judicial review of pending petition)