106 F.3d 411
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerome Sherman STANLEY, Defendant-Appellant.
 No. 94-10113.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided Dec. 24, 1996.
 
 MEMORANDUM**
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 Jerome Sherman Stanley appeals pro se from two district court orders. On January 12, 1994, the district court entered an order in compliance with a limited remand from this court. We had requested the district court to comply with Federal Rule of Criminal Procedure 32 by making findings regarding Stanley's allegations of factual inaccuracies in his presentence report, on which the district court based its sentence for Stanley's violations of 21 U.S.C. §§ 841(a)(1) and 846, 18 U.S.C. §§ 922(g)(1) and 942(c)(1), and 26 U.S.C. § 5861(d). United States v. Stanley, No. 90-10049, 1993 WL 89063 (9th Cir. Mar. 29, 1993). In its order, the district court stated that it already had made the necessary findings during sentencing hearings held October 23 and December 4, 1989. Stanley prepared his own notice of appeal from this order, which we deemed filed on February 15, 1994.
 
 
 2
 Because Stanley's notice of appeal was filed more than 10 days after the entry of the order appealed from, we again remanded to the district court for it to determine whether excusable neglect exists for the late filing. See Fed.R.App.P. 4(b). On June 30, 1994, the district court determined that Stanley's untimely filing was not due to excusable neglect attributable to him or his counsel. Stanley also appeals from this order.
 
 
 3
 The district court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.
 
 
 4
 * To the extent that Stanley's appeal presents jurisdictional questions concerning excusable neglect, we assume, without deciding, the existence of subject matter jurisdiction pursuant to the doctrine of hypothetical jurisdiction. See Clow v. United States Dep't of Housing and Urban Dev., 948 F.2d 614, 616 n. 2 (9th Cir.1991). That doctrine permits us to assume jurisdiction where: (1) the jurisdictional question is difficult; (2) the merits of the appeal are insubstantial; (3) the appeal is resolved against the party asserting jurisdiction; and (4) undertaking a resolution on the merits as opposed to dismissing for lack of jurisdiction will not affect the outcome. In re Grand Jury Subpoena Issued to Charles D. Bailin (Silva v. United States), 51 F.3d 203, 206 (9th Cir.), cert. dismissed, 116 S.Ct. 38, cert. denied, 116 S.Ct. 472 (1995). This case meets each of those elements.
 
 
 5
 First, the jurisdictional question is particularly difficult because it is unclear whether and when Stanley acquired pro se status in the district court. Whether he is considered a pro se defendant affects how strictly we apply the excusable neglect standard. See, e.g., Houston v. Lack, 487 U.S. 266, 270 (1988) (situation of prisoners seeking to appeal without the aid of counsel is unique); Hostler v. Groves, 912 F.2d 1158, 1161 (9th Cir.1990) (applying Houston in non-habeas civil case by incarcerated prisoners acting pro se), cert. denied, 498 U.S. 1120 (1991). Even the district court stated that there is "confusion in the record" as to whether Stanley represented himself. The government, too, concedes that the district court allowed Stanley at various times to act as his own attorney, which complicates the jurisdictional issue.
 
 
 6
 Second, the merits of the appeal are insubstantial, as we discuss in Part II. Third, we resolve the merits against Stanley, the party asserting jurisdiction. Finally, undertaking a resolution on the merits as opposed to dismissing for lack of jurisdiction will not affect the outcome. Either way, Stanley's appeal is resolved against him. We therefore conclude that we may assume jurisdiction pursuant to the doctrine of hypothetical jurisdiction. Bailin, 51 F.3d at 206.
 
 II
 
 7
 We remanded this case to the district court for the limited purpose of requesting it to make findings regarding factual inaccuracies asserted by Stanley in his objections to the presentence report. On appeal from his conviction and sentence to this court, Stanley argued that the trial court failed to make findings of fact with respect to alleged inaccuracies, as required by Federal Rule of Criminal Procedure 32(c)(1). In response, the government argued that the trial court had made the necessary findings, but that it failed to attach them to the presentence report. Because we were unable to determine whether the trial court had complied with Rule 32(c)(1) based on the record before us, we remanded "for the limited purpose of complying with Rule 32."
 
 
 8
 On remand, the district court stated that it reviewed the transcripts of the Hearing on Objections to Probation Reports on October 23 and December 4, 1989, and it concluded that during those hearings, it had made the necessary findings. It attached relevant portions of those transcripts to its January 12, 1994, order.
 
 
 9
 Stanley argues: "When this Court remanded the case to the district court it was merely inquiring if the Judge had made actual written findings and if so, to attach a copy to the [presentence report]. This Court had already ruled that the findings were not contained in the transcript of the sentencing proceedings." Stanley therefore contends that the law of the case doctrine precludes the district court from revisiting the issue whether the findings already were contained in the record. He also contends that, even if we consider the findings of fact identified by the district court in its January 12, 1994, order, the court made only one finding in response to his numerous allegations of factual inaccuracies. He therefore argues that the district court failed to comply with Rule 32(c)(1).
 
 
 10
 We review the legality of a sentence de novo. United States v. Manning, 56 F.3d 1188, 1200 (9th Cir.1995). The district court's factual findings in the sentencing phase are reviewed for clear error, United States v. Basinger, 60 F.3d 1400, 1409 (9th Cir.1995), as are the district court's determinations of what evidence to consider in sentencing. United States v. Ayers, 924 F.2d 1468, 1481 (9th Cir.1991). Reliance on materially false or unreliable information is an abuse of discretion. Id.
 
 
 11
 First, we disagree with Stanley's interpretation of our limited remand order. Our order did not preclude the district court from identifying previously determined factual findings and attaching them to the presentence report. We merely stated that "[w]e cannot determine, based on the record before us, whether the district court met [the Rule 32] requirements," which include attaching a written record of factual findings to the presentence report. Our order thus left open the issue whether the district court had complied with that particular requirement.
 
 
 12
 Second, we disagree with Stanley's contention that the district court failed to make the necessary factual findings. The district court identified 72 pages of hearing transcripts, which evidence the court's painstaking efforts to address each of Stanley's objections to the presentence report and make factual findings to correct any factual inconsistencies. Many of the objections Stanley now raises were addressed in our judgment of March 29, 1993. For example, Stanley argues that the district court failed to address his objections to the following: that Stanley utilized someone to purchase chemicals and equipment for him or someone else; that the white powder found in Sam Durham's trailer was Stanley's or that Stanley knew about it or knew that it was in fact ephedrine; that the capacity of the laboratory was 29 kilograms of methamphetamine; that the capacity of the laboratory was a relevant factor to be considered in sentencing; that 33 pounds of liquid and powdered methamphetamine were found; that the warehouse in which 8 pounds of methamphetamine was found belonged to the defendants and was either in the warehouse the day Stanley was arrested or he at least knew about it; that over 42 pounds of methamphetamine was found at various locations or precursors were found that were capable of producing 63 pounds of methamphetamine; that the precursors were relevant to sentencing; that there was any ephedrine found at all; that the warehouse was Stanley's or controlled by him; and that 42 pounds of methamphetamine was found at Stanley's residence or the laboratory site. We already have determined that the district court properly applied U.S.S.G. § 2D1.4, which permitted the district court to consider the size or capability of the laboratory involved in this drug offense. Our prior judgment also concluded that the district court "properly relied on evidence submitted at trial in its calculation" of the quantity of controlled substance involved in the offense. Thus, Stanley's current objections concerning the methamphetamine lab and the amount of drugs used in determining his sentence are moot.
 
 
 13
 Stanley also objects to the use of methamphetamine found at the Garden Valley property as a basis for computing the offense levels as to counts 1, 2, and 3. The district court addressed this objection during the sentencing hearings. Stanley also objects to the factual finding that he was a leader or organizer of at least 5 or 6 people or that he was a leader at all. The district court addressed this objection during the sentencing hearings. Stanley also objects to the factual finding that he was a leader or organizer of at least 5 or 6 people or that he was a leader at all. The district court addressed this objection at sentencing as well. Stanley further objects to his criminal history category and the use of his criminal record, but the district court addressed each of these objections in turn. Finally, Stanley objects to the computation of his offense level, which the district court also explicitly addressed prior to sentencing. After discussing each objection with Stanley, the government, and the probation office where appropriate, the district court held:
 
 
 14
 as far as the challenges are concerned, [the Court] agrees with the United States Attorney's Office's presentation as well as its response to objections filed by the Probation Office, and also agrees that those matters referred to in the probation office [sic] that have no effect ... on the guidelines and the objections on page 5F will be acknowledged, although they don't have any bearing on the Court's sentencing in this matter; and, therefore, the objections that would have any effect upon the Court's sentencing in this matter are denied.
 
 
 15
 Thus, the district court appropriately ruled on each objection and attached to the presentence report its findings of fact, as required by Rule 32(c)(1). We therefore conclude that the district court properly fulfilled our request on remand, and the sentence is now affirmed.
 
 
 16
 Stanley also has filed a motion for leave to amend his appellate brief to include an attack on his sentence for use of a firearm in the commission of a felony under 18 U.S.C. § 924(c). Stanley did not initially appeal from his conviction or sentence for this violation, and our limited remand from that initial appeal precludes us from now considering this claim.
 
 
 17
 When a district court complies with the substantive requirements of Rule 32, but fails to append to the presentence report the appropriate findings or determinations resolving the controverted matters, we remand to the district court for it to correct the ministerial error without resentencing. United States v. Roberson, 917 F.2d 1158, 1159 (9th Cir.1990); United States v. Fernandez-Angulo, 897 F.2d 1514, 1517 (9th Cir.1990). Hence, we remanded to the district court for the limited purpose of complying with Rule 32, without vacating Stanley's sentence. Where the scope of the remand has been expressly limited to consideration of a single sentencing issue, the district court is without authority to revisit other issues. United States v. Petty, 80 F.3d 1384, 1388 (9th Cir.1996); see also United States v. Klump, 57 F.3d 801, 802 (9th Cir.1995) (sentencing court may not consider conduct beyond the scope of a limited remand); United States v. Caterino, 29 F.3d 1390, 1394-95 (9th Cir.1994) (district court's authority on remand abridged by any express or implied limits in the remand order). Because the district court could not have addressed Stanley's section 924(c) claim, we decline his invitation to address it here. Stanley's sentence was affirmed and final for all practical purposes on March 29, 1993, when we affirmed his conviction and remanded for the limited purpose of complying with Rule 32. Any attack upon his sentence that Stanley wishes to bring in light of Bailey v. United States, 116 S.Ct. 501 (1995), will have to be pursued in collateral proceedings under 28 U.S.C. § 2255.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3