In re: **GRAND JURY SUBPOENA DUCES TECUM TO William K. RORK, Esq.,**

**William Leonard Pickard, Intervenor—Appellant,**

v.

**United States of America, Appellee.**

No. 03–10112.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2004.

Decided March 24, 2004.

William L. Osterhoudt, Esq., San Francisco, CA, for Intervenor–Appellant.

Christopher J. Steskal, USSF–Office of the U.S. Attorney, San Francisco, CA, for Appellee.

Before: FERNANDEZ, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM *

Federal prisoner William Leonard Pickard ("Pickard"), intervenor, currently incarcerated in Kansas for manufacturing, possession and intent to distribute LSD, appeals the district court's denial of his motion to quash a subpoena issued in a grand jury proceeding in the Northern District of California served on his attorney in the Kansas conviction, William Rork ("Rork").

The subpoena seeks the production of documents concerning fee arrangements between Pickard and Rork to be used in an ongoing investigation of Pickard's money laundering offenses in connection with his LSD operation. Because the district court did not abuse its discretion in concluding that the responsive documents were not protected by the attorney-client privilege, we affirm.

■ We have jurisdiction over the denial of the motion to quash under the finalorder exception laid down in *Perlman v. United States*, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918), because Rork does not represent Pickard in the matter out of which the subpoena arose. *See In re Bailin*, 51 F.3d 203, 205 (9th Cir.1995). As such, Pickard is a third-party movant who could not adequately protect his own rights viś a viś the subpoena without immediate appeal. *Perlman*, 247 U.S. at 13.

■ Because documents responsive to the subpoena do not convey "information which ordinarily would be conceded to be part of the usual privileged communication between attorney and client," *Baird v. Koerner*, 279 F.2d 623, 632 (9th Cir.1960), they do not fall within the *Baird* exception to the general rule that client identity and fee agreement information are not protected by the attorney-client privilege. *See United States v. Blackman*, 72 F.3d 1418, 1424 (9th Cir.1995).

■ Although the documents may incriminate Pickard in the money laundering investigation, it cannot be said that revelation of the identity information therein would "constitute an acknowledgment of guilt of the offense that led [Pickard] to seek legal assistance" from Rork in the Kansas matter. *In re Horn*, 976 F.2d 1314, 1317 (9th Cir.1992), *citing Baird*, 279 F.2d at 633. There has also been no showing by Pickard that the fee information in question would "provide the 'last link' in the chain of evidence incriminating [Pickard]" in the money laundering charge. *Id. citing In re Lahodny*, 695 F.2d 363, 365 (9th Cir.1982).

Nor is the subpoena overbroad so as to implicate the attorney-client privilege; in effect, it tracks equivalent language that this court has upheld against a similar overbreadth challenge. *See, e.g., Horn*, 976 F.2d at 1317 (subpoena requesting more than "financial details of … fee arrangements" overbroad). Rork also belied any overbreadth argument by Pickard by swearing under oath that the two discrete documents submitted under seal were comprehensively responsive to the subpoena. The district court did not abuse its discretion in finding these documents outside of the attorney client privilege.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**498**

As a final matter, just as the separate nature of the Kansas and California proceedings allows us to take jurisdiction over Pickard's appeal, it precludes a successful constitutional challenge on the basis of Pickard's Fifth or Sixth Amendment rights. As the district court noted, the possibility of Rork being forced to testify against Pickard in the California matter is purely hypothetical, causing any attorney-client conflict predicated on such testimony to be too attenuated under our case law. *See, e.g., Tornay v. United States,* 840 F.2d 1424, 1429–30 (9th Cir.1988); *Goodman v. United States,* 33 F.3d 1060, 1063 (9th Cir.), *cert. denied,* 513 U.S. 867, 115 S.Ct. 187, 130 L.Ed.2d 120 (1994).

AFFIRMED.